KANNER, Judge.
Through part of an order entered by the chancellor, subject of the present appeal, the appellant wife, defendant and counter-claimant in a divorce action, was required to return with the children to Pin-ellas County whence she had removed their residence, so that visitation privileges might be resumed by the plaintiff husband. Appellant wife had been awarded divorce through final decree entered by the chancellor on April 27, 1961, providing that she should have care, custody, and control of the four children of the couple and that appellee husband should have the right to visit the children “at reasonable times and places.”
On or about September 1, 1961, the wife with the children moved from Pinellas County to Panama City, Florida. On March 26, 1962, pursuant to motion of the plaintiff husband seeking modification of that part of the final decree relating to custody, the court entered an order dividing custody. A hearing on the motion had been held; counsel for appellant wife conceded that she was living in Panama City; but no testimony was adduced and no wit *585 nesses appeared. The wife then filed petition to modify the order dividing custody. Consequent upon this, the chancellor on May 12, 1962, entered another order through which he vacated the one of March 26 as being contrary to the Supreme Court’s ruling in Kelley v. Kelley, Fla.1952, 56 So. 2d 439, and through which he also ordered that the wife with the children return to Pinellas County. This order, too, was entered without benefit of testimony or witnesses. In the May 12th order, the court found that the wife with the children had made the mentioned change of residence shortly after entry of the final decree and that “said move in effect deprives the plaintiff husband of visitation privileges as intended and provided for in the Court’s Final Decree * * * It is from the portion of the order of May 12th requiring the wife with the children to return to Pinellas County that the appeal is taken.
A decree awarding custody is a final adjudication predicated on the facts then presented in evidence and cannot he altered unless there has been a substantial change of circumstances or unless material facts bearing on the issue of custody which existed when the issue was decided were not revealed to the court. In view of considerations upon which is based the general rule of res judicata, relitigation of the issue of custody is precluded where the facts remain substantially the same as those adjudicated through the original order. 10 Fla.Jur., Divorce, section 263, Necessity for Change in Circumstances, page 671; Bennett v. Bennett, Fla.1954, 73 So.2d 274; Sayward v. Sayward, Fla.1951, 43 So.2d 865; Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312. We do not find that either of the mentioned requirements for modification has been fulfilled.
 It appears that the court, in ordering appellant to return with the children to resume residence in Pinellas County, found that her transfer to another city with the children curtailed the appellee’s opportunities of visitation. Consequent upon this conclusion, he modified his final decree by making a separate and distinct requirement via a post decretal order. The critical and telling factor, however, is failure of the custody provision in the final decree to provide any residence restriction. Instead, that order is qualified only by the sole reservation of rights of visitation by appellee husband “at reasonable times and places.” In Florida, there exists no statute which forbids removal of a child from the jurisdiction by the custodian; but where the decree is silent on the matter, the one to whom custody has been awarded is free to move from the state and take the child with 'him. See Bell v. Bell, Fla.App. 1959, 112 So.2d 63; 10 Fla.Jur., Divorce, section 251, Removal of Child From State, page 658.
Here, the appellant mother, bound in her custodianship role by no restrictive decretal residence requirement, moved with the children, not out of the state, but to another town in Florida. It is clear that, insofar as the final decree is concerned, she had a right to do so. It is equally apparent that, in the absence of a showing that there had been a substantial change of circumstances warranting modification and in consideration of the silence of the custody order on the subject, the chancellor was not authorized to enter the post decretal order altering and enlarging upon his final decree. That portion of the order imposing the domiciliary requirement is accordingly reversed.
Reversed.
SHANNON, C. J., and ALLEN, J., concur.