PER CURIAM.
This interlocutory appeal is from portions of two post decretal orders in a divorce action. The challenged portion of the first order appealed prohibited the appellant wife from removing the children of the parties from Dade County, and continued in effect the other provisions of the final decree of divorce. The challenged portion of the second order appealed granted appellant’s attorneys $100 for their services rendered in connection with a rule to show' cause issued against the appellee upon the appellant’s petition, but denied attorney’s fees for all other services.
The final decree of divorce, as amended, granted appellant permanent custody of the parties’ three minor children and accorded the appellee unlimited visitation rights. It contained no prohibition against the appellant’s removal of the children from the county or state.
Shortly after the entry of the amended final decree, the appellant took the children to the State of Ohio ostensibly for a vacation. When she did not return, the appellee filed a petition for rule to show cause and for change of custody. The appellant filed a petition for rule to show cause based on the appellee’s failure to make certain payments required by the final decree. Hearing on these petitions culminated in the orders appealed.
The appellant contends the chancellor erred in concluding that she should be required to maintain the children in Dade County, Florida, despite the fact that the final decree of divorce contained no prohibition against removal. We find this contention has merit. We pretermit a discussion of the reasons for our conclusion since we feel they are adequately and ably set out in McCrillis v. McCrillis, Fla.App.1962, 147 So.2d 584. See also Bell v. Bell, Fla.App.1959, 112 So.2d 63.
The appellant further contends that the chancellor erred in denying her attorney’s fees for services other than those entered in connection with the rule to show cause issued against the appellee. We find this contention to be without merit since we cannot say, on the face of this record, that the chancellor abused his discretion.
Accordingly, those portions of the order dated October 16, 1962, recorded in Chancery Order Book 1631, page 421, in the office of the Clerk of the Circuit Court, Dade County, Florida, which prohibit the appellant from removing the children of the parties from Dade County, Florida, and require her to return the youngest of the minor children to Dade County, Florida, are stricken. As modified, the order of October 16, 1962, is affirmed, as is the order of October 15, 1962, recorded in Chancery Order Book 1630, page 680.