## SMITH v. COOMBES.

No. 72-C-937.

Circuit Court, Palm Beach County.

November 26 and December 26, 1974.

Hubert R. Lindsey, West Palm Beach, for the ex-husband.

Thomas A. Bratten, West Palm Beach, for the ex-wife.

LEWIS KAPNER, Circuit Judge.

*Order on motion for contempt, November 26, 1974:* This matter is presented upon a motion for contempt.

After the husband filed a petition for change of custody, the parties stipulated to an order retaining custody in the wife but granting the husband certain specified rights of visitation. One week after this order was entered, the wife's present marriage broke up and she moved back to her original home in Cincinnati, Ohio.

Upon these facts, the court finds that the wife has effectively deprived the husband of his visitation rights and has done so with full knowledge that her actions would have those effects.

Therefore, the court adjudges the wife to be in contempt of court. Sentence shall not be imposed at this time. The wife may purge herself of contempt by taking positive steps to return the children to Palm Beach County on or before December 2, 1974 and shall in fact return the children to Palm Beach County on or before December 15, 1974. Further, both parties shall comply with the Thanksgiving visitation already agreed upon by the parties.

*Order on motion for rehearing, December 26, 1974:* This matter is presented upon the wife's motion for rehearing.

Upon consideration of the premises herein it is thereupon ordered that this motion is denied for the reason that the motion for contempt and the order thereto was directed to the wife's intentional deprivation of the husband's right of visitation and not to her removing the children out of the state as such. Removal of the children was pertinent only in so far as it related to the husband's rights and the welfare of the children.

This case is quite different from the case of *McCrillus v. Mc-Crillus, (2nd DCA, 1962) 147 So. 2nd 584. McCrillus* was concerned with a motion for modification whereas this case is concerned with contempt for violation of one party's rights under the court's order by the other party. Further, this court required a specific visitation schedule pursuant to stipulation of the parties after motions by the husband for change of custody. By removing the children out of the state, over 1,000 miles from Palm Beach County, the wife has made it virtually impossible for the husband to exercise his visitation rights under the court order and, therefore, she violated the court order.

In *McCrillus,* the wife simply moved from one town to another, all within the state of Florida. In so doing, she simply changed the method by which the husband would reasonably visit with his children, and the husband was guaranteed only the right of "reasonable" visitation. It is true, as pointed out in *McCrillus,* that absent a provision to the contrary a parent to whom cusody is granted is free to move from the state and take the children with him or her — but not when such actions deprive the other parent of rights specifically granted to him under the order. Accordingly, the motion for rehearing is denied.