336 So.2d 406 (1976)
Suzanne SCHEINER, Appellant,
v.
Stanley SCHEINER, Appellee.
No. 76-252.
District Court of Appeal of Florida, Third District.
August 17, 1976.
*407 Snyder, Young, Stern, Barrett & Tannenbaum, North Miami Beach, and William L. Rogers, Miami, for appellant.
Chonin & Levey, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The issue presented by this interlocutory appeal is: May the trial court, upon petition by the father, temporarily enjoin the mother, who has custody of minor children, from removing the children permanently from the state where the final judgment dissolving the marriage contains no such provision. The mother has appealed an order which provides:
* * * * * *
"... the Court finding that since the date of the Final Judgment the Wife has placed her home up for sale and upon it being sold she is contemplating moving with the children to California, thereby affecting the reasonable visitation rights granted to the Husband, it is thereupon
"ORDERED AND ADJUDGED that the Final Judgment is modified to include the following paragraph:
That the Wife shall not be permitted to remove the children from the State of Florida without Order of the Court approving such removal."
* * * * * *
The parties obtained a final judgment dissolving their marriage on June 30, 1975. The judgment adopted and approved a settlement agreement. The wife received custody of the children with the husband receiving, "... the right to liberal visitation with the children at reasonable times and places after reasonable notice to Petitioner." It was further provided that the husband would be excused from child support for any period that a child remained with him for more than one month. The wife also received the title to the marital home in exchange for her equity in the husband's property. The agreement contained the following provision:
* * * * * *
"The parties shall use all reasonable efforts to maintain free access and to create a feeling of affection between themselves and the children. Neither shall do anything to hamper the natural development of the children's love and respect for the other party."
* * * * * *
The judgment contained no requirement that the wife or the children reside in Florida. On December 11, 1975, the father filed a "Motion to Modify Final Judgment" in which he alleged that he had been told that the mother "is planning to sell her home and move to California with the children," and alleging that he would thereby "lose the right to visit with his children and the children would lose the father-son relationship so vital to their upbringing." Thereupon, the court heard the testimony of the parties and entered the order appealed.
The appellant mother urges that her contemplated move out of the state is not such a substantial change of conditions as to justify modification of the judgment and that, therefore, the trial judge lacked jurisdiction to amend the judgment by adding the restriction. The mother's position is strongly supported by the following cases: Bell v. Bell, Fla.App. 1959, 112 So.2d 63; McCrillis v. McCrillis, Fla.App. 1962, 147 So.2d 584; Millman v. Millman, Fla.App. 1963, 148 So.2d 728; and In re E.P., Fla. App. 1966, 186 So.2d 801.
*408 The position of the father is that the facts developed at the hearing on the motion do constitute a substantial change of circumstances because they affect the well-being of the children as well as the rights of the husband, who was granted liberal visitation rights. The record shows:
1. The wife put her home up for sale in September of 1975. This was two and one-half months after the final judgment was entered.
2. The wife had no plans to sell the house at the time of the final hearing.
3. The wife was not contemplating moving from the State of Florida at the time of the final hearing.
4. The wife, at the time of the hearing for modification, was contemplating moving from the State of Florida with the children, but had not yet made definite plans to do so.
An examination of the cases relied upon by the wife, which undoubtedly contain language which supports her position, shows that these cases all were decided under the law existing prior to the Dissolution of Marriage Act of 1971 which substantially increases a father's rights to custody and visitation. See Fla. Stat. § 61.13(2)(b). Also, in each of these cases except In Re E.P., which was an appeal from an order of the former Juvenile and Domestic Relations Court, the mother had already moved from the county or the state in reliance on a final judgment. In the In Re E.P. case, the opinion carefully reserves the right to make such changes where there is a substantial change of circumstances.
We are convinced that the trial court, upon a showing that a projected change in residence will substantially change the visitation rights of a parent ought to have the right to make an order protecting the best interests and welfare of the children. We note that the Supreme Court of Florida has not spoken on this point and that the cited cases are from this court, except McCrillis v. McCrillis, supra. We find, however, that McCrillis is distinguishable, and we, therefore, recede from any prior statement which seems to hold that a trial court does not have jurisdiction to enter an order in the nature of the one here appealed. See Dinkel v. Dinkel, Fla. 1975, 322 So.2d 22; and Green v. Green, Fla.App. 1971, 254 So.2d 860. We hold that the evidence in the instant case is sufficient to show that the projected move across the country is a substantial change in the circumstances of this case in which the father was granted liberal visitation rights and the judgment contemplated continued residence of the parties in this state. Based upon this holding, it was not error for the trial judge to enter the order appealed, which restrained the contemplated move, unless a further hearing upon a motion by the mother should show that the best interests of the children would be served by the move.
Affirmed.