435 So.2d 941 (1983)
Eric A. SIMON, Appellant,
v.
Renee M. SIMON, Appellee.
No. 83-179.
District Court of Appeal of Florida, Fourth District.
August 3, 1983.
James Miller and Eric A. Simon of Goldberg, Young & Borkson, P.A., Fort Lauderdale, for appellant.
Steven J. Gutter and Jeffrey D. Mickelson of Kahn & Gutter, Fort Lauderdale, for appellee.
HERSEY, Judge.
This appeal concerns an unsuccessful application by a father to change the custody of a minor child or, in the alternative, to enjoin the mother from moving the residence of the child from the state of Florida.
An earlier dissolution of marriage judgment granted custody to the mother and gave the father extensive visitation privileges. The final judgment contained no *942 prohibition against changing the residence of the minor child. However, upon the mother's later stated intention to relocate her residence, and thus that of the minor child, to a northern state, the father instituted the present action. After a hearing before a general master, the trial court determined that it was in the best interest of the minor child not to restrict his residence to Florida. The father appeals. We affirm.
In these difficult custody cases requiring detailed analysis of subjective factors there is no perfect solution. The trial court's function is, therefore, simply to ferret out the best solution and the determinative factor is the best interest of the minor children involved. Under certain circumstances this is synonymous with the best interests of the newly created family unit composed of the children and the custodial parent. D'Onofrio v. D'Onofrio, 144 N.J. Super. 200, 365 A.2d 27 (1976), aff'd, 144 N.J. Super. 352, 365 A.2d 716 (1976).
Given the delicate balance that must be achieved between the competing interests of children, mother, and father, the appellate courts have consistently held that the trier of fact must be afforded wide latitude in making a final determination and in subsequently modifying that determination. When supported by substantial, competent evidence, those findings should not be disturbed. See Johnson v. Johnson, 422 So.2d 1013 (Fla. 1st DCA 1982) (DCA upheld change in permanent custody where record showed substantial competent evidence that child's welfare was adversely affected in mother's custody); Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982) (approving trial court order prohibiting removal of children from state); Barnhill v. Barnhill, 353 So.2d 923 (Fla. 4th DCA 1978) (upheld denial of change of custody where evidence showed neither parent unfit to have custody). See also Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983) (where custody originally established "reluctantly" in mother and removal from South Florida specifically prohibited, subsequent modification by trial court not supported by substantial competent evidence was reversed limited to those facts).
In the instant case, the lower court's findings are supported by substantial competent evidence. Thus, we affirm.
DOWNEY and BERANEK, JJ., concur.