SCHEB, Judge.
This appeal arises out of proceedings subsequent to a judgment dissolving the parties’ marriage. Appellant, the former wife, challenges an order which restricts her from removing the parties’ child from Highlands County without permission from her former husband or the court. Additionally, she contends the court erred in the provision it made for her attorney’s fees.
The parties married in 1977 and their child was born in 1979. The trial court entered a judgment dissolving the marriage in 1983. The judgment incorporated the parties’ property settlement agreement which, among other things, provided that the child would reside primarily with the wife, although both parties would share all parental responsibilities. Under the agreement, the husband was accorded reasonable and liberal visitation rights. Both parties resided in Highlands County before and after their divorce.
In 1984, the wife notified the husband that she intended to take the child to live in Tennessee. The husband sought an injunction to prevent the wife from taking the child from Highlands County. Then, in an amended petition, the husband asked the court to prohibit the wife from removing the child from Highlands County, or in the alternative, to change the primary residence of the child to the husband.
In her answer, the wife pointed out that the dissolution judgment did not restrict her place of residence; therefore, she objected to any restriction on her ability to move with the child. If the court deemed a restriction necessary, she asked that it would be limited to restricting her from removing the child from Florida. Additionally, the wife sought an award of attorney’s fees in connection with the proceedings.
After an evidentiary hearing, the trial judge determined that, even though the final judgment of dissolution did not restrict the wife’s residence, the contemplated move was not in the best interest of the child. The court observed that, while the child was bothered by the hostility between his parents, his extended family was a source of support and he would suffer an emotional impact incident to a severance of those familial ties. The judge granted the amended petition on March 6, 1985, and modified the final judgment of dissolution to include the following provision:
The custodial parent may not remove the child from Highlands County, Florida for more than thirty (30) consecutive days without the permission of the non-custodial parent or, if that cannot be obtained, with the permission of this court.
He also required that the husband pay the wife’s attorney $1,000 toward the fees she incurred in these proceedings. This appeal by the wife ensued.
The trial judge carefully considered the troublesome issue of whether to allow the wife, as custodial parent, to change the *100 child’s residence. He, of course, is in the superior vantage point because he observed the participants and heard the testimony of the parties and their witnesses. Essentially, the judge was asked to exercise his discretion in a very emotionally charged contest between the parents. We do not find any abuse of discretion in his order preventing removal of the child which he found would not be in the child’s best interest and would interfere with the husband’s liberal visitation rights. See Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981). Thus, we affirm this aspect of the court’s order.
Yet, since the father’s primary purpose was to prevent the mother from taking the child to Tennessee, she should not necessarily be compelled to reside in Highlands County. In his order, the trial judge noted that he was aware of the limitation he was placing on the wife’s future marital and professional opportunities. He opined that in a few years the child might have the confidence and maturity to cope with the emotions incident to severance of familial ties. At that time, the judge suggested that the wife could seek a modification to permit the move.
Notwithstanding the wife’s right to seek a modification to change her residence under the circumstances outlined by the trial judge, we do not think that the wife should be required to maintain her residence in Highlands County in the immediate future. Thus, our affirmance is without prejudice to the wife seeking at any time an amendment to the order to allow her to reside within a close geographical area that would not unduly restrict the husband’s right to visitation. If the wife should seek such relief, she should not have to prove that any substantial change in circumstances has occurred since entry of the March 6, 1985, order.
As to the attorney’s fee award, we reverse. The record reveals that the former wife sought to have the court order the husband to pay $3,000 in attorney’s fees which she claimed to have incurred in these proceedings. The husband also moved to assess attorney’s fees against the wife. By pretrial stipulation, the parties agreed that evidence of need for and ability to pay those fees would be submitted at the hearing. If either party was ordered to pay the other’s fees and no agreement as to reasonableness of the fees was reached, they requested that the court retain jurisdiction to hear expert testimony on that issue. During the hearing on fees, the judge refused to require the husband to disclose his salary. He then proceeded to award the wife $1,000 as the husband’s required contribution to her attorney’s fees.
The record does not indicate whether the trial judge accepted or rejected the parties’ stipulation. In either event, before he awarded attorney’s fees to the wife he should have heard testimony on the husband’s ability to pay. See Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975). Thus, the court erred in refusing to order the husband to testify as to his present income. Additionally, since the stipulation contemplated that expert testimony regarding reasonableness of fees would be furnished after the court determined the entitlement to fees, the court erred in making an award without such expert testimony. Lamar v. Lamar, 323 So.2d 43 (Fla. 4th DCA 1975); Nivens.
Accordingly, we affirm the order restricting the wife from removing the child from Highlands County without prejudice to her petitioning the court to enlarge the geographical area wherein she may reside.
We vacate the order awarding the wife’s attorney $1,000 as a contribution to the wife’s attorney’s fees. We direct that a hearing be held on the issue of the extent of the wife’s entitlement and the issue of reasonableness of fees. At such hearing full disclosure must be made of the needs of the wife and ability of the husband to pay.
Finally, we grant the wife’s petition for attorney’s fees on appeal and direct the trial court to award her a reasonable attorney’s fee in accordance with the criteria set out in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
*101 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and CAMPBELL, J., concur.