555 So.2d 1295 (1990)
Jeanette MEHLER, Appellant,
v.
George Edward MEHLER, Appellee.
No. 89-379.
District Court of Appeal of Florida, Third District.
January 23, 1990.
*1296 Manuel A. Cuadrado, Miami, for appellant.
Catlin, Saxon, Tuttle & Evans, Miami, and Brian L. Fink, for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
We find no error in the trial court preventing, in the best interest of the children who were in the custody of the Mother,[1] their removal from Dade County, Florida, to the State of Texas. Even though the evidence may not have warranted a change of custody, a trial court may still determine whether it is in the best interest of the children to prohibit their move to a foreign state.[2]Clinard v. Clinard, 478 So.2d 98 (Fla. 2d DCA 1985); Simon v. Simon, 435 So.2d 941 (Fla. 4th DCA 1983); Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976).
We do not read the cases to require a finding that it would be adverse to the interest of the children to permit their move to a foreign state before a trial judge may prevent their relocation. We hold that it is enough for the trial judge to find it is in the best interest of the children that they remain in the State of Florida. Therefore the order under review is affirmed.
Affirmed.
JORGENSON, Judge, dissenting.
Because in my view the trial court erred in prohibiting the mother from relocating with her children to Texas, I respectfully dissent.
On May 18, 1987, the trial court entered a final judgment dissolving George and Jeanette Mehler's marriage. There were three minor children born of this marriage: Christine, age 16; Jason, age 15; and Matthew, age 12. The final judgment of dissolution incorporated by reference the parties' separation and settlement agreement. The agreement provided that the mother would be the primary residential parent and that the father would have liberal visitation rights. Neither the agreement nor the final judgment prohibited the mother from relocating with the children.
In December, 1988, the father moved to modify the final judgment and moved for a change of custody, alleging that the mother planned to sell her home and move to Texas with the children. The father further alleged that the anticipated move would frustrate his visitation rights and was contrary to the children's wishes. The trial court denied the motion for change of custody but found that it was in the children's best interests to remain in Florida where they had close ties to family, school, and friends. The court, therefore, permanently enjoined either parent from removing the children from Florida without court order except for temporary vacations or visitations.
A trial judge may determine whether it is in the children's best interests to prohibit a move to a foreign state. Clinard v. Clinard, 478 So.2d 98 (Fla. 2d DCA 1985); Simon v. Simon, 435 So.2d 941 (Fla. 4th DCA 1983); Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1977). However, "[i]t is in the context of what is best for [the new] family unit that the precise nature and terms of visitation and changes in visitation *1297 by the noncustodial parent must be considered." Matilla v. Matilla, 474 So.2d 306, 307 (Fla. 3d DCA 1985) (emphasis added), quoting D'Onofrio v. D'Onofrio, 144 N.J. Super. 200 at 204-206, 365 A.2d 27 at 29-30, aff'd, 144 N.J. Super. 352, 365 A.2d 716 (1976). The desires of the children, taken alone, should not determine the outcome here. "The law does not give children the unfettered discretion to choose the parent with whom they will live ... or gratify the wishes of children at the expense of the rights of a parent." Elkins v. Vanden Bosch, 433 So.2d 1251, 1253 (Fla. 3d DCA) (citation omitted), rev. denied, 438 So.2d 831 (Fla. 1983).
Moreover, in their separation and settlement agreement, the parties themselves decided who would have custody. Their agreement and the final judgment were silent as to residency restrictions. Without such a restriction, the mother, as primary residential parent, was free to relocate with the children as long as the move was not engineered to deprive the father of his visitation rights. See Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989) (trial court erred in denying mother's petition to relocate to another state where desire to relocate was well intentioned and founded on belief that move was best for custodial parent and child's well-being); Landa v. Landa, 539 So.2d 543 (Fla. 3d DCA 1989) (trial court did not abuse its discretion in granting custodial mother's motion to move to Chile with her children where record showed that mother had good reason for the move); Simon v. Simon, 435 So.2d 941 (Fla. 4th DCA 1983) (father's application to change custody or in the alternative to enjoin the custodial mother from moving out of state properly denied where final judgment of dissolution contained no prohibition against changing residence and where move was in child's best interest). While the record does not reveal the mother's motives for the move, there is no evidence that the mother sought to interfere with the father's visitation rights.
In short, where children have been placed with the parent whose custody has been deemed to forward the children's best interests, then the children must be permitted to relocate with the custodial parent even if that location does not happen to be in Florida. The addition of the residency requirement deprived the custodial parent of the right to relocate which is inherent in an agreement which is silent on residency.
I would, therefore, reverse the trial court's order enjoining the custodial parent from removing the children from the State of Florida.
NOTES
[1] The final judgment of divorce incorporated a settlement agreement which made the Mother the primary residential parent. The settlement agreement and the final judgment were silent as to the place of residence and there was no prohibition against the Mother relocating.
[2] The final judgment reads in part as follows:

"2. However, the evidence is overwhelming that it is in the best interest of all of the children that they remain in Florida where they have been raised, where there are close ties to both maternal and paternal families, to school, to friends. The evidence is underwhelming as to any advantages to the children or their life style to move to Texas, as is desired by the Petitioner/Wife, who is the primary physical residential parent."