411 So.2d 354 (1982)
John Clark HUDGENS, Jr., Appellant,
v.
Noel P. HUDGENS, Appellee.
No. 81-790.
District Court of Appeal of Florida, Second District.
March 26, 1982.
*355 John S. Wagstaff of Phillips, McFarland, Gould & Wagstaff, P.A., Clearwater, for appellant.
Stephen W. Sessums and Carole A. Taylor of Albritton, Sessums & McCall, Tampa, for appellee.
GRIMES, Acting Chief Judge.
The Hudgens' marriage was dissolved in 1972 pursuant to a judgment which incorporated a property settlement agreement that provided for the payment of lump sum and permanent alimony to the wife. Recently, upon petition and counterpetition of the parties, the court entered an order which denied the husband's petition for termination of permanent alimony and the wife's petition for an increase in alimony. The order also granted in part the wife's petition for a determination of arrearages in alimony payments and awarded attorney's fees to the wife for the services of her attorney in collecting the arrearages. The husband appeals the denial of his petition to terminate alimony. The wife cross-appeals the denial of her petition to increase alimony, the determination of certain credits which the court applied against the husband's arrearages, and the failure of the court to award attorney's fees for the balance of her attorney's services in this proceeding.
After reviewing the record, we have concluded that the court acted properly within its discretion in denying the husband's petition to terminate alimony and in refusing to grant the wife's petition to increase the alimony. The testimony and documents pertaining to the credit against the arrearages were complicated and conflicting. However, because there was an evidentiary basis for the amount of credit as determined by the court, this must not be disturbed. This leaves only the issue of attorney's fees.
We agree with the wife that the court should not have limited the award of attorney's fees to those services connected with the collection of the arrearages. At the outset, we cannot see why if the wife was entitled to attorney's fees for the collection of the husband's back alimony, she was not also entitled to attorney's fees for successfully defending against the husband's petition to terminate the alimony. In the final analysis, however, the award of attorney's fees in a dissolution proceeding depends not upon who wins but rather upon the relative financial circumstances of the parties. § 61.16, Fla. Stat. (1981); Johnson v. Johnson, 403 So.2d 1388 (Fla. 2d DCA 1981); Gray v. Gray, 362 So.2d 294 (Fla. 2d DCA 1978).
Since the wife's claim for modification was not spurious, the fact that she lost on this issue does not mean that she could not be a candidate to receive attorney's fees. The husband has earned over $100,000 a year as a doctor for the last several years, while the wife's annual salary has averaged about $14,000. The husband's net worth is more than four times the wife's net worth of $100,000. Admittedly, the wife could pay the balance of her attorney's fees by dipping into her savings, but law does not require this. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Because of the husband's superior financial position, he should pay all of the wife's reasonable attorney's fees in this proceeding.
We affirm the judgment with the exception of the attorney's fees question and remand the case for a determination of reasonable attorney's fees to be paid by the husband to the wife for all the services of her attorney on both the trial and appellate levels.
OTT and SCHOONOVER, JJ., concur.