416 So.2d 27 (1982)
Pamela GIACHETTI, Appellant,
v.
Robin GIACHETTI, Appellee.
No. 81-818.
District Court of Appeal of Florida, Fifth District.
June 30, 1982.
*28 Ford & Minkoff, P.A., Tavares, for appellant.
Richard H. Langley, Clermont, for appellee.
ORFINGER, Judge.
The trial court found that appellant's proposed removal of her children from Florida to Alaska would totally impair appellee's rights of visitation with his children, and prohibited removal of the children from the state. The mother appeals. We affirm.
Appellant/wife was granted custody of the parties' two minor daughters, now eight and five years old, by a 1977 divorce decree. Appellant has since remarried, and has a third child, age 2. Appellant's new husband is a carpenter, and in April of 1981, he moved to Alaska because of what he considered to be better employment opportunities. Both appellant and her new husband have relatives in Alaska. Appellant planned to join her husband when the school year ended.
Upon learning of the intended move, the former husband filed a petition for modification of the judgment of dissolution, seeking a change of custody to himself, and requesting an order prohibiting appellant from removing the children from this state. After hearing evidence, the trial court found that the non-custodial parent (appellee) had maintained a good father/child relationship with his minor children; that to allow the wife to take the children to Alaska would "totally eradicate and make any further semblence of a father/child relationship impossible"; that to allow the wife to remove the children to Alaska would be completely contrary to the provision of the final judgment which provides that:
"The parties shall use all reasonable efforts to maintain free access and to create a feeling of affection between themselves and the minor children. Neither should do anything to hamper the natural development of the children's love and respect to the other party."
and that there was no evidence that such move would be in the best interest of the minor children. Finding also that there was no evidence that a change of custody would be in the children's best interest, he denied the father's petition for change of custody, but prohibited the removal of the children's residence from the state without an order of the court.
Appellant contends that the trial court improperly modified the final judgment when it prohibited the removal of the children from the state, because no pleadings requested such modification, and, appellant says, the trial court has no authority to modify a final judgment unless the issue of *29 modification is presented to it in an appropriate proceeding and each party is given an opportunity to be heard on the issue, relying on Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). However, we do not view the requirement that the children remain in the state as a "modification" of the original judgment.
Inherent in the visitation privileges granted to a non-custodial spouse by a judgment of dissolution is a command to the custodial spouse that such visitation privileges should not be unreasonably hampered, hindered or destroyed. What circumstances or conditions unreasonably hamper or destroy visitation privileges will vary from case to case, and because, by the very nature of the subject matter there are very few absolutes, the trial court must be allowed wide latitude in determining how the visitation rights of the parties are to be enforced.[1]
Here, while the final judgment did not explicitly prohibit a change of residence, it did require that the parties maintain free access with the children and that nothing be done to hamper the natural development of the children's love and respect for both parents. The children of this marriage were ages eight and five. The trial court had discretion to determine, under the circumstances of this case, that removal of the children from the state would impair, impede and destroy the non-custodial parent's right of free access to his children and would hamper the natural development of the children's love and respect for their father, thus violating the terms of the final judgment, and we cannot hold him in error for so finding. Thus, rather than viewing appellee's request (to enjoin the change of residence) as a request to modify the judgment, we view it as a request to enjoin the violation by the custodial parent of the terms of the final judgment, and this issue was clearly before the trial judge. Therefore, it was not necessary that the father make a showing of change of circumstances and best interest of the children such as would be required if he were seeking a modification of the judgment on this issue.
We recognize the rule that unless there is a residence restriction imposed on the custodial parent in the judgment of dissolution, the custodial parent may freely make such change. See, e.g., McCrillis v. McCrillis, 147 So.2d 584 (Fla. 2d DCA 1962). However, it has been recognized that courts are empowered to restrict the movement of divorced parents upon a showing that such movement will violate the terms of a final judgment by interfering with the visitation rights accorded to the non-custodial parent. Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976); Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981). We hold that the quoted language of this final judgment does implicitly impose a restriction on such movement, and that the trial court was not in error in finding that the proposed move to Alaska would violate that restriction.
The custodial parent is not without remedy. She has the right to seek a modification of the custody provisions of the final judgment if she can satisfy the traditional requirements applicable to such a proceeding  a showing of a substantial or material change of circumstances and that the requested modification would be in the best interest of the children. Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). Perhaps with this in mind, the trial court found that "none of the evidence has shown that it would be in the best interests [sic] of the children to allow a move to Alaska and effectively terminate the natural father's visitation." In fairness to the appellant, however, it appears that any such issues were developed in connection with the father's petition for modification of custody, which was denied. The appellant should have the right, should she so desire, to petition for modification of the custody *30 award to permit the move to Alaska, and this opinion is without prejudice to her right to present such petition to the trial court.
The order appealed from is AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] There was some discussion before the trial court to the effect that the father's visitation privileges could be converted to summer visitations, with the children flying to Florida, and then returning to Alaska. While the high cost of such travel might not be of any moment to a family of great wealth, the same could not be said of the parties hereto, who are only of moderate means.