455 So.2d 1332 (1984)
Virginia A. JOHNSON, Appellant,
v.
David E. JOHNSON, Appellee.
No. 83-2550.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
*1333 Edward G. Stephany of Marko, Stephany & Lyons, Fort Lauderdale, for appellant.
John Daniel Nyce, Fort Lauderdale, for appellee.
DELL, Judge.
Appellant challenges two non-final orders issued as a result of supplemental proceedings to enforce a final judgment of dissolution of marriage.
Shortly after entry of the final judgment, appellant moved to the state of California taking the parties' minor child and certain items of the husband's personal property with her. Appellee filed a motion to enjoin appellant from violating his right of access to the child and to establish his right of visitation. He subsequently filed another motion seeking to hold appellant in contempt for failure to comply with the personal property provision of the final judgment. A master heard the evidence presented by both parties. The trial court approved the master's finding and recommendations and entered an order directing appellant "to deliver" the items of personal property to appellee; and an order directing appellant to return the minor child to the state of Florida within thirty days.
Appellant asserts that the orders of the trial court constitute a modification of the final judgment and that appellee failed to make a proper showing to support a modification. She contends that the final judgment required appellee "to pick up" the items of personal property and not for her "to deliver" them. She also contends that since the final judgment did not contain a residence restriction that she had the right to remove the child to the state of California. We disagree with appellant on both points.
Appellant's own actions now prevent appellee from picking up the personal property and the master concluded after hearing the evidence that appellant's refusal to return the personal property to appellee constituted a wilful violation of the final judgment. Appellant has made no showing that the master's findings were clearly erroneous *1334 or that the master misconceived the legal effect of the evidence. Thus, the trial court properly accepted the master's conclusions. Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981). The trial court's order directing her to deliver the personal property does not constitute a modification of the original final judgment. Instead, we view it as an order properly implementing the terms of the original final judgment and we affirm.
Next, we agree with appellee's argument that the trial court's order concerning child custody and visitation falls squarely within the holding of Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). In Giachetti, the final judgment contained no explicit prohibition against a change of residence, but required the parties to maintain free access to the children and prohibited them from hampering the natural development of the children's love and respect for both parents.
Inherent in the visitation privileges granted to a non-custodial spouse by a judgment of dissolution is a command to the custodial spouse that such visitation privileges should not be unreasonably hampered, hindered or destroyed. What circumstances or conditions unreasonably hamper or destroy visitation privileges will vary from case to case, and because, by the very nature of the subject matter there are very few absolutes, the trial court must be allowed wide latitude in determining how the visitation rights of the parties are to be enforced.
Here, while the final judgment did not explicitly prohibit a change of residence, it did require that the parties maintain free access with the children and that nothing be done to hamper the natural development of the children's love and respect for both parents. The children of this marriage were ages eight and five. The trial court had discretion to determine, under the circumstances of this case, that removal of the children from the state would impair, impede and destroy the non-custodial parent's right of free access to his children and would hamper the natural development of the children's love and respect for their father, thus violating the terms of the final judgment, and we cannot hold him in error for so finding. Thus, rather than viewing appellee's request (to enjoin the change of residence) as a request to modify the judgment, we view it as a request to enjoin the violation by the custodial parent of the terms of the final judgment, and this issue was clearly before the trial judge. Therefore, it was not necessary that the father make a showing of change of circumstances and best interest of the children such as would be required if he were seeking a modification of the judgment on this issue.
Id. at 29 (footnote omitted).
Sub judice the final judgment provided for "shared parental responsibility as contemplated by Florida Statutes." See § 61.13(2)(b), Fla. Stat. (1983). Since appellant's actions contravened the intent of the shared parental responsibility statute, the trial court's order constitutes an enforcement of the custody and visitation provisions of the final judgment, rather than a modification. Therefore, appellant has failed to demonstrate any error. Further, appellant is not without a remedy. In Giachetti, the court provided:
The custodial parent ... has the right to seek a modification of the custody provisions of the final judgment if she can satisfy the traditional requirements applicable to such a proceeding  a showing of a substantial or material change of circumstances and that the requested modification would be in the best interest of the children. Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980).
Id. at 29 (emphasis deleted).
See also Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983).
Accordingly, we affirm the orders of the trial court.
AFFIRMED.
HURLEY and WALDEN, JJ., concur.