501 So.2d 700 (1987)
Barbara WELLS, N/K/a Barbara Stites, Appellant,
v.
Hilton WELLS, Appellee.
No. 86-485.
District Court of Appeal of Florida, Second District.
January 28, 1987.
Anthony A. Accorsi, Avon Park, for appellant.
Richard S. Pipkin, Sebring, for appellee.
SANDERLIN, Judge.
This is an appeal from an order that modified a final judgment of dissolution of marriage so as to restrict the residence of the children to the Lake Placid area of Highlands County. The final judgment contained no such territorial restriction. We reverse.
The marriage of the parties was dissolved on July 21, 1980. Two minor children are involved. Under the terms of the final judgment of dissolution, the wife was awarded custody of the minor children. The husband was awarded specific visitation rights. During the three to four year period before the hearing on the husband's motion to modify the final judgment, the wife pursued courses at the University of South Florida to fulfill her life ambition of becoming a librarian. At the time of the hearing, she had sufficient graduate courses to qualify for and hold a position of media specialist, i.e., librarian. During 1985, the wife met a man from Atlanta whom she has made plans to marry. The gentleman, Mr. Lanier, owns a medical electronics firm in Atlanta and has an annual income of $36,000.00. Mr. Lanier owns a three-bedroom, two-bath townhouse, and is active in church, cultural, and community related activities. He has a designated territory consisting of Georgia and South Carolina. It would be impossible for him to relocate his business. Mr. Lanier has a good relationship with the children and is willing to provide financial support for them and the wife. Mr. Lanier and the wife are willing to pay the entire cost of any transportation expenses between Atlanta and Highlands County for the children's visitation with the former husband. Mr. Lanier and the wife will not be able to marry if the children cannot relocate. The wife testified that she could not leave her children and that a commuter marriage would be difficult. The wife's past experience includes teaching at the elementary school level for ten years. Her net income was $830.00 per month, and an additional $220.00 per month in child support. Before the hearing on the motion to *701 modify, she resigned her teaching position in Highlands County and obtained a position as a librarian in Atlanta. The librarian position would result in an increase of $4,000.00 per annum in her income and would give her additional time to spend with the children. There was no library position available to the wife in Highlands County.
In its modification order, the trial court found that both parents "are very fine and loving parents," and "extremely concerned with the well being of their children." The trial court, however, ruled that the evidence demonstrated that it was in the best interest of the children to continue to reside in Lake Placid. It further found that "[i]t is quite important to the children and in their best interests to have continuing contact with the former husband." The order then set out the specific custodial and visitation rights of the parties.
The question is whether the wife should have to give up her plans to marry and her ambition to become a librarian in order to maintain custody of the children. While we are ever mindful of the broad discretion afforded trial courts in making these determinations, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Anderson v. Anderson, 461 So.2d 130 (Fla. 3d DCA 1984); Simon v. Simon, 435 So.2d 941 (Fla. 4th DCA 1983), we hold she should not be forced to forego these ambitions in order to maintain custody of the children.
The competent, substantial evidence reveals that the wife and her fiance are willing to see to it that the former husband has all of the visitation to which he is entitled and they are willing to pay for such visitation. Under these circumstances, we believe the wife should not be restricted to Lake Placid, and that the relocation to Atlanta would be in the best interests of the children.
We, therefore, reverse that part of the modification order which restricts the residence of the children to Lake Placid, inasmuch as the wife is willing to do as much as she can to enable the husband to have reasonable visitation with his children, and to ensure the relationship of the children with their father. See Clinard v. Clinard, 478 So.2d 98 (Fla.2d DCA 1985).
GRIMES, A.C.J., and CAMPBELL, J., concur.