513 So.2d 1080 (1987)
In re the Marriage of Eric R. JONES, Appellant,
v.
Susan S. VRBA, F/K/a Susan Smith Jones, Appellee.
No. 86-1877.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
Rehearing Denied October 13, 1987.
Eric R. Jones, Melbourne, in pro. per.
C.V. Kessel, Jr., Cocoa Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a child custody dispute. The principal issue involves the propriety of allowing the mother to take the son from the state of Florida thus severely restricting visitation and contact between a father and son.
When the parties had their marriage dissolved they had an agreement that their son would be able to benefit from frequent contact with both parents and a liberal visitation period was provided for the noncustodial parent. During the majority of the time, the agreement said, the primary residency of the child would be with the mother. It was also agreed that the son would not be taken from the state without either both parents agreeing or court order.
After the dissolution the mother remarried and again divorced. She married a third time and moved to Largo, Florida. Her third husband is in the armed forces and was living in Denver when they first married. He later moved to Clearwater, *1081 Florida for a while. He then sought and obtained a transfer to the Pentagon to enhance his career opportunities. The mother sought and received permission from the trial court to permanently remove the son to Washington, D.C. to be with her new husband. It is this order which is on appeal, along with the denial of the petition for change of custody sought by the father.
The grandparents and other family of the child all live in Melbourne. After the dissolution the child resided with his mother in Melbourne and the father consistently and thoroughly exercised his visitation rights. He did all a father can do in such circumstances to raise and nurture his son and provide the love and guidance only a father can. He provided necessary special advanced schooling, participated in Indian Guides and devoted himself to the child's welfare.
When the mother and their son moved to Largo, the father continued to exercise his visitation rights and duties by driving from Melbourne to Largo. The father's devotion to his son is extraordinary.
The mother is a fit person to have custody and has been a good mother both before and after the dissolution. There is no dispute in that regard. She is as interested in her son's welfare as she is her own and believes she can offer a better home for her son in Washington than he can have in Melbourne.
As in any child custody case there are many more factors influencing the decision on appeal and most certainly the law is well-decided and firm that it is within the sound discretion of the trial judge to make the usually-final decision in these matters. The burden is upon the father to prove a substantial, material change in order to cause a change of child custody. Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). A change of custody, or "primary residency" is a very significant change in a child's life and the lives of his family. Here there is little difference between the change of custody (or "primary residency") from the father to the mother and the removal of the child from his father's close and abiding interest by the mother. Thus the burdens of proof should narrow or come together to be more equal. The mother should be able to show the best interests of the child are well-served by the removal of the child to a foreign state. She should show by competent substantial evidence that the court is serving the best interests of the child by striking the non-removal provision in the final judgment. We find it warranted to pause and quote from the final judgment which apparently was drawn by the original judge herself, not either of the parties, when the dissolution was granted.
(3) REMOVAL OF CHILD: Except for temporary visits not to exceed one continuous fourteen day period per calendar year, no person shall remove said child beyond the limits of this state without the written consent of this court of [sic] of the other parent.
(4) GRANDPARENT VISITATION: The court finds the above child needs, as do all children, the benefit of the love, affection, attention, precept and personal association of their grandparents. Accordingly, the parents are hereby directed to permit said child to visit with, and to be visited by, its grandparents at reasonable times and places. Upon application, the court will define said visitation rights.
It was recognized by the parties in their dissolution agreement and by the original trial judge in her judgment that it was important for the child to be near to both parents. The court sua sponte and for good reason ordered grandparent visitation. These factors should be given great consideration. To change a judgment requires the movant to carry a greater burden than to establish originally primary residency and visitation rights. Id., at 1184. Once set, a child's split-family arrangements are best kept as constant as possible for his welfare as well as that of the "non-custodial" parent and all family members.
The move from Florida, severely restricts the contact between father and son; it is against the intention of the parties at the time of dissolution and is against the judgment *1082 of the court at dissolution. The record shows that the mother failed to show any bona fide reason for the removal of the child from his father's ready access, save her desire to be with the serviceman she chose to marry and travel with as his career requires. The appellee failed to establish sufficient evidence to warrant a change in the judgment and the appellant has established a sufficient basis in the evidence to warrant a change of custody so the order below is reversed and this cause remanded for the requisite changes in custody, visitation and support provisions. Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982).
REVERSED and REMANDED.
COWART, J., and BEVERLY, V.Q., Associate Judge, concur.