519 So.2d 673 (1988)
Susan Cooper PARKER, Appellant,
v.
Daniel Raymond PARKER, Appellee.
Nos. 87-615 and 87-744.
District Court of Appeal of Florida, First District.
January 22, 1988.
Rehearing Denied February 25, 1988.
Elliot Zisser and Nancy N. Nowlis, Zisser, Robison, Spohrer & Wilner, Jacksonville, for appellant.
Michael Basford, Jacksonville, for appellee.
MILLS, Judge.
This is a consolidated appeal from two post-dissolution orders pertaining to child custody. The mother argues that the trial court abused its discretion in modifying the final judgment to prohibit her from removing her minor child from Florida without court approval, and then denying her motion for an order approving removal. We affirm.
Daniel and Susan Parker were married in 1980 and divorced in 1986. They have one child, a boy born in 1983. The parties lived in Jacksonville for the duration of the marriage, and remained there following the divorce.
The final judgment awarded primary physical custody of the child to the mother and provided for "reasonable" visitation by the father. Two months after the divorce, however, the child, with his mother's permission, began residing with his father. This arrangement continued for four months. The child then returned to reside with the mother.
Several months after the divorce, the mother made plans to marry a lieutenant in the United States Navy, then stationed in Jacksonville, and move with him to his new assignment in San Francisco. Not wanting the mother to take the child from Jacksonville to California, the father filed two motions to modify the final judgment. One sought to amend the final judgment to provide that the child should not be removed from the jurisdiction without prior approval of the court or the father. The *674 other sought a change in custody from the mother to the father.
A hearing was held before the trial court in February 1987. Testifying at the hearing were the father, the mother, and Lieutenant Frederick Bednarski, whom the mother had married in September 1986.
The trial court entered an order denying the motion to change custody, but granting the motion to modify the final judgment by adding a provision that the mother should not remove the child from Florida without court approval.[1] This prompted a motion by the mother for permission to remove the *675 child to San Francisco. Following a hearing, that motion was denied. The mother appealed both the order granting the husband's petition for modification and the order denying her motion to allow removal of the child from Florida. The cases were consolidated for purposes of appeal.[2]
In cases such as this there is no simple solution. That is why we have observed before that such disputes are best settled by agreement between the parties themselves. McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984). When that is not possible, the law provides a primary forum for resolving the dispute. That forum, however, is the trial court, not the appellate court. It is the trial judge who has seen the parties and heard the testimony. This Court, therefore, will not reverse the trial judge's decision in such matters absent legal error or a clear abuse of discretion.
In the case now before us, the mother concedes that the trial court has the power to restrict the residence of the child, but argues that such a restriction was an abuse of discretion. To support her argument, she cites various precedents, but only one Florida decision where the appellate court found the trial court abused its discretion in prohibiting an out-of-state change of residence for the minor child  Wells v. Wells, 501 So.2d 700 (Fla. 2d DCA 1987). In Wells, the trial court decreed that the children should not be removed from the Lake Placid area of Highlands County, Florida. The mother, who after her planned remarriage wanted to move with the children to the home of her new husband in Atlanta, appealed. The second district held that the trial court abused its discretion in preventing the mother from taking the children with her.
We do not think Wells stands for the broad proposition that restricting a mother from taking her children to reside in the out-of-state home of a new husband is per se an abuse of discretion. Comparing Wells to the case at bar, there is the obvious distinction of distance. Moving a child from Florida to neighboring Georgia has far less potential to disrupt a child's relationship with the noncustodial parent than does moving a child across the country from Florida to California. In matters of child custody, perhaps more than any other area of family law, each case must turn on its particular circumstances. We should not rush to generalize from decisions involving other mothers, other fathers, and other children.
AFFIRMED.
SHIVERS, J., concurs.
SMITH, C.J., dissents with written opinion.
SMITH, Chief Judge, dissenting.
The judgment under review is subject to question in several respects. First, the judgment recites a finding that the wife's new husband decided to take a "voluntary transfer" to San Francisco, while the evidence appears to be uncontroverted that the transfer was mandated by the naval service of which he is a member. Secondly, the trial court modified the final judgment to include a restriction against the wife removing the child from the state, without prior court permission, when no such restriction was included in the final judgment, without, in my opinion, requiring sufficient basis for this modification to be demonstrated by the husband. Third, and most importantly, the final judgment is barren of any finding that denial of the wife's right to change her place of residence and retain primary custody of the child was based upon a determination of the best interests of the child. Instead, as appears obvious from a reading of the judgment, the decision here was based *676 upon the interests of the child's father as the primary determinative factor. For these reasons I would reverse, order further proceedings, and a resolution of the issue based upon the best interests of the child.
NOTES
[1] The order amending the final judgment is reprinted herein. In our view, it reflects a thoughtful application of the law to the facts, and exemplifies why such decisions should not be disturbed on appeal absent a clear abuse of discretion.

The former Husband's Motion to Modify filed on January 23, 1987 was heard on February 26, 1987. From the evidence presented, the Court makes the following findings of fact and conclusions of law:
The child of the parties, Daniel Aaron Parker, is now four (4) years old. The father has developed a very close relationship with the child and has spent substantial time with the child since the entry of the Final Judgment of Dissolution between the parties on January 16, 1986. In March of 1986, just two months after the marriage was dissolved, the father took the child (with the consent of the mother) and kept the child for four months. He has helped the child partially overcome a stuttering problem and the child loves his father and his paternal grandparents and looks forward to being with them. Both the father and his parents desire continued liberal visitation privileges with the child.
The mother remarried on September 9, 1986 to a Lieutenant in the U.S. Navy. Her husband has decided to take a voluntary transfer to San Francisco, California, and she plans to go with him, taking the child with her. She testified that her present husband wants to transfer so that he will be placed on "Shore Duty"; that he had the option of transferring either to Dallas, Norfolk or San Francisco, but San Francisco is preferred by them and they have so decided because he is a native of California and San Francisco will be better for her so she can continue her school work there. She also testified that the child calls her present husband "Daddy" and that the present husband provides "a father image for the child." Her present husband testified that he tries to be a "Dad" to the boy, wrestles with him and takes him to the alligator farm and other places. He says the proposed move to California will be good for the boy because it will give him a chance to see the country and that the boy will be less confused because he will be with them most of the time and the child will not have different sets of rules to learn.
The Court finds that the proposed move to California will drastically reduce the child's time with the natural father and with his paternal grandparents; will, in effect, destroy the father's right to keep intact the present close relationship he has with his son; and will deprive the father substantially of the right to exercise shared parental responsibility, as provided for by the laws of this State.
This Court is empowered to restrict the movement of children of divorced parties where there is a showing that the movement of the child may interfere with the visitation rights accorded to the non-custodial party. Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981); Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976).
This Court also has discretion to determine (and does hereby determine) that removal of the child from the State would "impair, impede and destroy" the non-custodial parent's right of free access of his child's love and respect for his father. Giachetti v. Giachetti, 416 So.2d 27, 29 (Fla. 5th DCA 1982). The Court, thus, concludes that the restriction of removal of the child out of the State is necessary to preserve the noncustodial parent's right of access to the child. McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984).
The natural parents have a fundamental, continual and permanent obligation in sharing the parental responsibility for the general welfare and upbringing of their child which can only be satisfied by the love and attention the close proximity of the two of them can provide. Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983).
The former Husband had on August 6, 1986 filed a motion asking to modify the Final Judgment of Dissolution of Marriage by changing the minor child's primary physical residence and custody from the former wife to the former husband. His evidence failed to show cause that the best interest of the minor child would be promoted by this modification. Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979).
Being fully advised, it is
ORDERED AND ADJUDGED as follows:
1. The former Husband's motion to modify by changing the custody and the primary residence of said child from the former Wife to the former Husband is hereby denied.
2. The former Husband's said motion to modify by prohibiting the removal of the minor child from the State of Florida is granted and the Final Judgment of Dissolution of Marriage entered herein on January 16, 1986 is hereby modified and amended by the addition thereto of paragraph 2(a), which reads as follows:
"2(a). The Wife shall not remove the minor child, Daniel Aaron Parker, from the State of Florida without first obtaining an order of this Court approving such removal."
[2] On 17 August 1987, this Court stayed the order modifying the final judgment pending disposition of the appeal. The effect of the stay was to allow the child to remain with his mother in San Francisco where, with his father's consent, he was allowed to go for the summer following entry of the orders appealed.