530 So.2d 467 (1988)
Darrell Everett COLE, Appellant,
v.
Holly Ann COLE, Etc., Appellee.
No. 87-2201.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Horace Smith, Jr., Daytona Beach, for appellant.
Delia A. Doyle, Daytona Beach and James R. Clayton, Deland, for appellee.
DANIEL, Judge.
Darrell Everett Cole appeals a final order allowing Holly Ann Cole to remove their minor child from the State of Florida and denying his request for a modification of a final judgment of dissolution of marriage to change the child's primary physical residence from the mother to him. We reverse.
Darrell and Holly Ann were married in 1975. Their son was born in November of 1983. The couple were divorced on May 13, 1985. The final judgment dissolving the marriage incorporated a property settlement agreement. By the agreement, the parties stipulated to shared parental responsibility with the mother having the primary physical residence and the father having frequent and continuous liberal rights of contact with the child.
*468 In addition to alternating weekends, every Tuesday through Thursday, four weeks during the summer, alternating Easter and Thanksgiving, half of the school holiday Christmas period and Father's Day, the parties agreed that the father would have open communication with the minor child by telephone at all times. According to the father's calculations, the visitation agreement allowed the father to have the child approximately 189 nights during the year.
In addition to the visitation terms, the parties stipulated and agreed that:
Other than for temporary vacation periods (not to exceed two weeks) neither party shall remove the minor child from the State of Florida without prior written consent from the other party, or court order.
On August 5, 1986, the mother filed a motion to remove the child from Florida. The father later filed a motion to prevent removal of the child from Florida as well as a supplemental complaint to modify the final judgment of dissolution of marriage seeking a change in the primary physical residence of the child. The court granted the mother's motion to remove the child from the state and denied the father's request for primary custody.
After the final judgment, the mother remarried and at the time of the hearing below was living out of the state with the child pursuant to a temporary order of the court providing for a shared visitation arrangement in which the child would live with his mother for one month and his father the next month. The mother alleged that a substantial change in circumstances had occurred since entry of the final judgment as she had married an air traffic control assistant who was required to attend air traffic control school in Oklahoma for six months. Apparently, the temporary order was to accommodate that period.
This court has upheld restrictions on the movement of divorced parents in violation of terms within a final judgment resulting in interference with visitation rights accorded the noncustodial parent. See Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). When a restriction is imposed by a final judgment and interferes with the custodial parent's freedom to make such a change, that parent has the right to seek a modification of the custody provisions of the final judgment by satisfying the applicable requirements for such a proceeding  a showing of substantial or material change of circumstances and that the requested modification would be in the best interests of the children. See Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Giachetti, 416 So.2d at 29.
The parties now before this court agreed that neither would remove the minor child from Florida except for vacation periods without prior written consent from the other or court order. That agreement was incorporated into the final judgment of dissolution of marriage. Thus, the mother as the party seeking modification of the restrictions carried the burden of showing a substantial change in circumstances and that the child's best interest would be promoted by his removal to Kentucky, where the mother is now living.
In Jones v. Vrba, a final judgment of dissolution of marriage included a clause prohibiting removal of the child except for temporary visits without the consent of the court or the other parent. Additionally, the final judgment included a grandparent visitation clause. The father appealed an order allowing the mother to permanently remove the son to Washington D.C. to be with her and her third husband and an order denying his petition for change of custody. This court reversed, finding that the mother failed to establish sufficient evidence to warrant a change in the final judgment and that the father had established a sufficient basis to warrant a change of custody. Factors noted by this court included the child's previous residency with his mother in Melbourne where his grandparents and other family reside, the father's consistent and thorough exercise of his visitation rights even when required to drive from Melbourne to Largo after the mother and son moved there, the grandparent visitation provision in the final judgment, and the failure to show any reason *469 for the removal other than the mother's desire to be with the serviceman she chose to marry and travel with as his career required.
Here, as in Jones, the mother's only reason for the move to Kentucky was her husband's employment which had taken them first to Oklahoma for several months and apparently will require additional moves in the future. It is undisputed that the father had exercised all the extensive visitation rights available to him through the final judgment allowing the child to spend more nights at his father's home than with his mother. The father's two sisters and their children live nearby. The child's paternal grandmother lives with the father.
The mother's reliance on McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984) is misplaced because the benefits to the children of a move to Japan cannot be compared with that of a four year old's move to Kentucky. Additionally, the children in McIntyre were old enough to state their preference and the move would not be permanent.
The New Jersey Supreme Court has recognized that a custodial parent's freedom to move is qualified by the special obligation of custody, of the state's interest in protecting the best interests of the child and by the competing interest of the noncustodial parent. Cooper v. Cooper, 99 N.J. 42, 491 A.2d 606 (1984). Factors to be considered are 1) the capacity for either maintaining or improving the general quality of life of both the custodial parent and the children, 2) the integrity of the custodial parent's motives in seeking the move and the noncustodial parent's motives in seeking to restrain the move and 3) whether a realistic and reasonable visitation schedule can be reached if the move is allowed. The New Jersey court defined a realistic and reasonable visitation schedule as one that will provide an adequate basis for preserving and fostering a child's relationship with the noncustodial parent if the removal is allowed noting, however, that a court should be loathed to interfere with a pattern of weekend visitation.
The mother in the case now before this court was required to show by competent, substantial evidence that a material change of circumstances had occurred and that the best interests of the child would be served by striking the nonremoval provision in the final judgment. The fact that the parties and the trial court through the settlement agreement and final judgment provisions recognized the importance of the child being involved with both parents should be given great weight. Further, the public policy in Florida requiring shared parental responsibilities is also important.
In this instance, the move from Florida will severely restrict the previous extensive contact between the father and the child. Perhaps more important is the fact that the nature of the visitation will also change from the father playing an ongoing, continual almost daily role along with the mother in the child's life to his having the child for longer blocks of time while being apart for three month periods. The interests now competing are the mother's to establish and continue her new life, the father's to continue his relationship with the child and the child's to continue his with his father.
To warrant modification of custody this court has held:
[T]here must be competent, substantial evidence that (1) there has been a substantial or material change in the condition of the parties and (2) the best welfare of the child will be promoted by the change in custody. Negative factors in the circumstances of the custodial parent coupled with special needs of the child and increased ability of the noncustodial parent may be sufficient to justify a change in custody.
Stricklin v. Stricklin, 383 So.2d 1183, 1184 (Fla. 5th DCA 1980).
This court has noted that there is very little difference between the change of primary residency and the removal of a child and that the burdens of proof therefore narrow. See Jones v. Vrba, 513 So.2d at 1081. In Jones, a sufficient basis was established to warrant a change of custody on facts so similar to those now before this court as to be indistinguishable.
*470 Therefore, the order below is reversed and this cause remanded for the requisite changes in custody, visitation and support provisions.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.