# GOLDTHWAITE v GOLDTHWAITE
## Case No. 87-272 CA
Nineteenth Judicial Circuit, Martin County
September 2, 1988

### APPEARANCES OF COUNSEL
**Peter Gianino,** for wife.
**Ann Goade,** for husband.

### OPINION OF THE COURT
JOHN E. FENNELLY, Circuit Judge.

### *ORDER ON MODIFICATION OF FINAL JUDGMENT*

The former Husband and Wife both petition this Court concerning the best interests of three and one half year old Brenton Davis

Goldthwaite. The parties divorced on 20 April 1987. The Court in the dissolution incorporated the parties agreement on visitation and primary physical residence. The agreement placed Brenton with his mother and awarded liberal visitation to the father. Central to this proceeding, the agreement precludes removal of Brenton from Florida without agreement or order of the Court.

The former Wife remarried in August of 1987 and now resides with her husband, a police officer, in South Carolina. She, of course, desires to modify the final judgment so as to permit Brenton's removal from Florida. The father, not unpredictably, wishes to modify the decree so that primary residence is with him.

The hearing revealed two fine people who once loved each other. They both passionately love their son and earnestly seek his best interests. The former Wife, shortly after the divorce, remarried and is eight months pregnant. Her present husband expresses deep affection for Brenton, enjoys his company, and in no way seeks to replace or denigrate the boy's natural father. The new family is supportive, stable and resides in a pleasant small South Carolina town.

The father, testified and evidenced, as indicated, a strong interest in his son. He has exercised his visitation rights and maintains that he can and will provide a good home for his son. He fears that Brenton's removal will impair their relationship.

The paternal grandparents, who are Florida residents, also expressed fear that their relationship with their Grandson will be impaired if he is removed to South Carolina. Due to economic pressures they would only be able to see him once a year. Finally the maternal grandparents and the majority of Brenton's relatives are Florida residents.

Most significantly the present temporary situation, six week rotations between parents, appears disruptive to the child.

As Judge Orfinger noted in *Jones v Yrba,* 513 So.2d 1080 (Fla. 5th DCA 1987) "there is little difference between the changes of custody (or primary residency) from the father to the mother and the removal of the child from his father's close and abiding interest by the mother." As indicated in *Jones,* noted *supra,* the mother must show, in order to modify the judgment, by competent substantial evidence that removal of the child is in his best interest *(Jones* at 1081). See also *Giachetti v Giachetti,* 416 So.2d 1249 (Fla. 4th DCA 1983).

The evidence in this case revealed that the mother's principal reason for moving was her remarriage and desire to be with her husband. As in *Jones,* noted *supra* there would be a serious impact on the child's

relationship with both his father, grandparents and other relatives. It is also against the intention of parties at dissolution and modifies the final judgment.

Thus, in the Court's view, on these facts, the wife has failed to carry her burden on the issue of removal (See *Parker v Parker*, 519 So.2d 673 (Fla. 2d DCA 1987)) Unlike the *Wells* case and like *Parker, Yrba, Giachetti,* and *Costa,* noted previously, the only motive in this case for removal is the former Wife's desire to be with a new spouse. This is not a sufficient reason to extinguish or severely impair a parent's right of access. This is especially true, when as here, the parent is deeply concerned with and in good faith desires to sustain a relationship with the child.

Each of the parties in this case have acted in good faith with the best of intentions. On the law and evidence, the Wife's Petition to Modify is denied and primary physical residence of the child will be with the father. The Court adopts the stipulation of the parties as to modified visitation by the nonresidential spouse.

DONE AND ORDERED in Stuart, Martin County, Florida, this 2nd day of September, 1988.