DANIEL, Judge.
ON MOTION TO ENFORCE MANDATE
On September 1, 1988, this court filed its opinion in Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988). On September 19, 1988, our mandate issued to the trial court. Darrell Cole is now before us seeking enforcement of our mandate[1] alleging that the trial judge has refused to change the custody, visitation and support provisions of the final judgment of dissolution as directed by this court.
Darrell and Holly Ann Cole were married in 1975 and had a son in 1983. Two years later, the marriage of the parties was dissolved. By agreement, the parties stipulated to shared parental responsibility with the mother having the primary physical residence of the child and the father having frequent and continuous liberal visitation rights. In addition, the parties agreed that other than for temporary vacation periods, neither party would remove the child from Florida without prior written consent from the other party or a court order. After the dissolution, the mother remarried a man whose employment required them to live out of state. The mother later filed a motion to remove the child from Florida. The father filed a motion to prevent removal of the child as well as a motion to modify the final judgment seeking a change in the primary physical residence of the child. The trial judge granted the mother’s petition to remove the child from the state and denied the father’s request for primary custody.
On appeal, we reversed this order. We specifically held that the mother had failed to show that removal from the state was in the best interests of the child. We also held that the husband had established a sufficient basis to warrant a change of custody.[2] The cause was then remanded to the trial judge “for the requisite changes in custody, visitation and support provisions.” 530 So.2d at 470. By remanding for the “requisite” changes, we clearly meant the changes necessary to effectuate our holding, that is, to change the primary physical residence of the child from the mother to the father. We did not remand for an evidentiary hearing or permit the trial judge to exercise any discretion in this matter. Accordingly, we grant the motion to enforce the mandate and direct the trial judge to change the primary physical residence of the child from the mother to the father and to make the concomitant *357 changes in the visitation and support provisions of the final judgment.
ORFINGER and COBB, JJ., concur.

. In the alternative, Cole has sought a writ of mandamus.

. In so doing, we noted that the mother's only reason for the move to another state was her husband’s employment which will apparently require additional moves in the future. The record was undisputed that the father had exercised all the extensive visitation rights available to him through the final judgment which allowed the child to spend more nights at his home than with the mother. The father’s two sisters and their children live nearby and the child’s paternal grandmother lives with the father.