POLEN, Judge,
concurring specially.
While I concur with the result reached by the majority, that on this record (or lack thereof) we have no choice but to affirm the holdings of the trial court, I write to express some concerns vis-a-vis the prospects for continuing contact and access between the appellant/father and his minor children. In this post-dissolution proceeding, appellant sought contempt for the former wife’s unilateral removal of the minor children from Florida to the State of Tennessee. In that there was no express prohibition in the final judgment of dissolution against such removal, appellee could well argue that contempt would not lie. Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). Notwithstanding the argument that such unilateral removal automatically imposes barriers to the father’s continuing contact and access with the children, as noted earlier, the lack of an adequate record precludes us from doing anything but affirm.
However, should there be further proceedings before the trial court with regard to the appellant's efforts to have reasonable contact and access with his children, two things might be appropriate: (1) the appointment of a guardian ad litem for the minor children, if such can be accomplished by cooperation with the authorities in the State of Tennessee; and (2) the trial court may wish to consider retaining close supervision over the father’s contact and access by way of periodic reviews, to ensure that the purposes of section 61.13(2), Florida Statutes (1987), are not frustrated.