PER CURIAM
The former wife moved the trial court to modify the final judgment of divorce which adopted a dissolution settlement agreement providing in pertinent part:
F. The Husband and the minor child shall have the right of liberal and reasonable contact with each other. Each party shall exercise good faith in promoting contact between the Husband and the child.
G. Neither party shall remove the child from the State of Florida for a period longer than thirty (30) days without the written consent of the other party.
The sole basis for the requested modification is the custodial parent’s desire to marry a New York resident and move with the parties’ minor child to that state. The trial court’s order granting the modification conflicts with Cole v. Cole, 530 So.2d 467 (Fla.5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla.5th DCA 1987); and Giachetti v. Giachetti, 416 So.2d 27 (Fla.5th DCA 1982). For that reason we reverse and remand.[1]
REVERSED and REMANDED.
GOSHORN, C.J., COWART, J., and ORFINGER, M., Senior Judge, concur.

. See Mast v. Reed, 578 So.2d 304 (Fla.5th DCA 1991).