ANSTEAD, Judge,
dissenting.
I would reverse the trial court’s order denying the mother’s petition to permit her to move with her children to New Mexico in order to live with her husband who relocated there for employment reasons. I would also certify the legal issue involved as one of great public importance for resolution by the state supreme court. We need uniformity and clearer guidelines than presently exist in the district court opinions on this issue.
While there were some factual disputes in the trial court, and some reason to criticize the conduct of both sides in this dispute, by and large the record reflects a *320 “normal” situation with both parents qualifying as good parents. However, no one has challenged the conclusion that it is in the best interests of the children to be in the mother’s custody. And, while there is some confusion over the new husband’s relocation to New Mexico, it is undisputed that the move was for employment purposes and resulted in a substantial improvement in his earnings. In essence, the only negative to the move will be that the frequency of visitation with the father will be diminished. However, in my view that will be more than offset by the mother’s agreement that the father have custody over the summer as well as extensive visitation over the winter holidays. Since the mother presently resides in Melbourne and the father in Fort Lauderdale the present visitation schedule is hardly ideal anyway.
It appears to me that the legal standards to be applied by a trial court asked to allow a move, are in a state of confusion. Some districts have announced rules discouraging moves while others have adopted more liberal rules. Our own decisions are reflective of both ends of the spectrum. We have on the one hand announced a strong public policy in discouraging parental moves and reversed a trial court for allowing a move, Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983); and, we have also announced a more liberal test and reversed a trial court for not allowing a move. DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989), rev. denied, 551 So.2d 461 (Fla.1989).
Because of this confusion in the case law over such an important issue I would certify the issue to the supreme court. I find myself in substantial agreement with the views expressed by Chief Judge Schwartz in a recent special concurrence:
I entirely agree with the result reached by the court and the supporting reasons stated in Judge Nesbitt’s opinion. I wish to articulate, however, my own understanding of the underlying rule of law applicable to the present issue as it has developed in recent cases of this court. See Pintado v. Leggett, 545 So.2d 311 (Fla. 3d DCA 1989) (mother permitted to move with child to Virginia); Landa v. Landa, 539 So.2d 543 (Fla. 3d DCA 1989) (same; Chile); Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985) (same; Michigan); Anderson v. Anderson, 461 So.2d 130 (Fla. 3d DCA 1984) (same; Missouri); see also DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989) (same; New Jersey); Bachman v. Bachman, 539 So .2d 1182 (Fla. 4th DCA 1989) (same; New Jersey); Cook v. Voth, 522 So.2d 899 (Fla. 2d DCA 1988) (same; Collier County), reviewed denied, 531 So.2d 1355 (Fla.1988). But cf. Delgado v. Silvarrey, 528 So.2d 1358 (Fla. 3d DCA 1988) (father not permitted to move with children to Iowa). See generally Holder v. Polanski, 111 N.J. 344, 544 A.2d 852 (1988); D’Onofrio v. D’Onofrio, 144 N.J.Super. 200, 365 A.2d 27 (Ch.Div.1976), aff d, 144 N.J.Super. 352, 365 A.2d 716 (App.Div.1976). As I see it, it is simply that so long as the parent who has been granted the primary custody of the child[1] desires to move for a well-intentioned reason and founded belief that the relocation is best for that parent’s — and, it follows, the child’s-well-being,[2] rather than from a vindictive desire to interfere with the visitation rights of the other parent, the change in residence should ordinarily[3] be approved.
This rule inevitably flows, I believe, from a consideration of what all acknowledge is the touchstone of the issue: the best interests of the child. Inasmuch as it is a priori the case that those interests have already resulted in an award of custody to a particular parent, either by agreement or court order, it follows that the child should live wherever that residence may be rather than in what is by definition the less important location of the other parent.[4] To favor, in other words, the home preferred by the visitor over that of the custodian — as was the case in such, I think, wholly misguided decisions as Parker v. Parker, 519 So.2d 673 (Fla. 1st 1988), review dismissed, 531 So.2d 1354 (Fla.1988); Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983); and Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982) — represents a clear failure of legal logic, if nothing more. The *321 latter result is particularly unjustified when, as here, the visitor — who so far has almost always been the father — is financially able either to exercise his visitation rights at the mother’s home, to transport the child from that home to his own, or both. Indeed, since the child’s welfare is the only concern, it would make as much or more sense to require the father to move entirely to the mother’s chosen home so as to exercise his access to the children, as the reverse requirement that the mother remain where she does not wish to live in order to accommodate the father. Viewed in this light, I must think that those cases which exalt the father’s convenience in seeing the children at the place he makes his living over a sincere desire of the mother to live where she wishes, e.g., Giachetti, 416 So.2d at 27; see Parker, 519 So.2d at 673, are informed by a thoroughly indefensible attitude that the mother’s personal wishes are somehow less worthy and valuable than the desires of the male parent and the preference accorded the place where he pursues the money-making function he still so often performs in our society. This is just the kind of invidious distinction that, with respect to the financial relationship of married partners, the supreme court sought to eliminate in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). See Colucci v. Colucci, 392 So.2d 577, 579 (Fla. 3d DCA 1980). I strongly disagree with those courts which have failed to apply the same principle in this vital area of the law. See e.g. Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988); Parker, 519 So.2d at 673; Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Johnson v. Johnson, 455 So.2d 1332 (Fla. 4th DCA 1984); McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984); Costa, 429 So.2d at 1249; Giachetti, 416 So.2d at 27; see also Kantor v. Kantor, 545 So.2d 1378 (Fla. 4th DCA 1989). As evidenced by this decision and others, however, this court is fortunately not among them.
Hill v. Hill, 548 So.2d 705, 707-08 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla. 1990).

-While this opinion is phrased in pre-Shared Parental Responsibility Act nomenclature, there is no substantive difference. See Radin v. Radin, 497 So.2d 658 (Fla. 3d DCA 1986), review denied, 501 So.2d 1283 (Fla.1986).

- Just as the emotional health of the custodian is almost invariably reflected in her child’s well being, so the opposite is the case. See D'Onofrio v. D’Onofrio, 144 N.J.Super. at 206, 365 A.2d at 30, adopted in Matilla and DeCamp.

- It is not the function of a special concurrence, which reflects only the writer’s non-binding individual views, to cover the entire field of the particular subject matter. It might be appropriate to suggest, however, that the general principle espoused here might not apply, for example, if, as may more likely occur when older children are involved, the trauma of moving from the youngsters familiar surroundings — including other members of the family, friends, school and the like — outweighs that involved in separating from the custodian. See Pino v. Pino, 418 So.2d 311 (Fla. 3d DCA 1982).
While the general principle I have stated is of course also subject, if applicable, to the specific terms of an existing final judgment and to the necessity of a cognizable change of circumstances to alter them, I suggest that a custodian’s legitimate desire to move, if it arises after the final judgment, would qualify as a basis to support any required modification. See Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983) (Anstead, J., dissenting).

 An appropriate approach to the problem is to start with the hardly debatable assumption that each parent has the right to live where he or she wishes. It is to state the obvious that, in this instance, the child should then be placed with that parent whose custody has been deemed to forward his best interests even if that location does not happen to be in Florida.