PER CURIAM.
This is an appeal of an order temporarily restraining appellant, Lana Ingham, the former wife, from removing the parties’ minor children from the State of Florida. The restraining order was entered without notice to appellant, nor was appellee, Todd Ingham, the former husband, required to post a bond to obtain it. We reverse.
Florida Rule of Civil Procedure 1.610(b) provides that a bond be posted before the issuance of a temporary restraining order unless, inter alia, it is issued “solely to prevent physical injury or abuse of a natural person.”
In Dixon v. Melton, 565 So.2d 1378 (Fla. 1st DCA 1990), the First District held that a trial court could, by interpreting the “abuse of a natural person” exception of rule 1.610(b) in light of the definition of “abuse” used in statutory proceedings relating to juveniles, properly enter an order enjoining the movement of a minor child out of the judicial circuit without requiring the posting of a bond. It found that where the order was entered in part to enable the child’s paternal grandparents to exercise their court-ordered visitation rights and there was sufficient harm to the child in continuing to keep her from her grandparents, a bond was unnecessary because “the injunction was issued to prevent the continued willful deprivation of contact,” thereby falling within the “abuse of a natural person” exception to the bond requirement of rule 1.610(b). Id. at 1381.
While the reasoning of Dixon is attractive for obvious reasons, we think the interpretation of “abuse” is strained and decline to apply it here. We find that the trial court erred in failing to require the posting of a bond. Rich v. Rich, 214 So.2d 777 (Fla. 4th DCA 1968); see also Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991); Dejong v. Dejong, 572 So.2d 11 (Fla. 2d DCA 1990).
Secondly, we find no merit in appellant’s argument that the verified petition was *76 defective for failure to comply with rules 1.610(a)(1) and 1.610(a)(2), but we do find a need to address briefly appellant’s argument that the trial court erred in construing a provision in the parties’ judgment of marriage dissolution when it granted the injunction.
The Final Judgment dissolving the marriage did not explicitly impose restrictions on the former wife’s right to move her residence and that of the children from the State of Florida. Based upon that fact, appellant argues that it was error for the trial court to impose such a restriction in response to appellee’s ex-parte Verified Petition for Injunction. Rather, she suggests that it was necessary for appellee to first seek modification of the Final Judgment to impose such a restriction on the basis of a substantial change in circumstances. We reject that contention. The Final Judgment gave the parties shared parental responsibility and also provided the following:
Concerning all matters of policy involving the minor children, the parties shall confer to promote the welfare of said minor children. The parties shall use all reasonable efforts to maintain free access and to create a feeling of affection between themselves and the minor children. Neither party shall do anything to hamper the natural development of the love and respect for the other party by the minor children.
The Fifth District in Giachetti v. Giachetti, 416 So.2d 27, 29 (Fla. 5th DCA 1982), held, inter alia, that such a provision implicitly imposes a restriction on the movements of the custodial parent, and the scope of that restriction may be tested in a proceeding for its enforcement by way of application for a temporary restraining order. We agree with Giachetti only to the extent that such a provision implicitly imposes a restriction on the movements of the custodial parent. We also note that whatever procedural vehicle is utilized to raise the issue, the trial court remains committed to apply the six point test set forth in DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA), rev. denied, 551 So.2d 461 (Fla.1989).
REVERSED AND REMANDED.
DOWNEY, HERSEY and DELL, JJ., concur.