606 So.2d 748 (1992)
Heide M. Hess JONES, Appellant,
v.
Curtis Lee JONES, Appellee.
No. 91-2258.
District Court of Appeal of Florida, Fifth District.
October 23, 1992.
Jeffrey L. Dees, Ormond Beach, for appellant.
Peter Keating, Daytona Beach, for appellee.
PETERSON, Judge.
Heide M. Hess Jones, former wife, appeals the denial of her motion to modify a final judgment of dissolution to allow her to take the parties' six-year-old child to her native homeland of Germany where she had decided to reside. We affirm. Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). We also note that the trial court correctly applied the six-part test set forth in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990), and made specific findings in the final judgment to determine the best interests of the child.
Paragraph four of the final judgment includes a finding that the former husband was the "prevailing party on the Giachetti issue" and awarded attorney's fees against the former wife who "is able to pay same." We are not sure whether the trial court awarded the fees based upon a prevailing party theory or whether the award was made after considering the financial resources of both parties. Hudgens v. Hudgens, 411 So.2d 354, 355 (Fla. 2d DCA 1982) (Absent a spurious claim, "[i]n the final analysis ... the award of attorney's fees in a dissolution proceeding depends not upon who wins but rather upon the relative financial circumstances of the parties. § 61.16, Fla. Stat. (1981); [citations omitted].").
This court has previously discussed the problems in formulating consistent rules to govern the authority of appellate courts to award attorney's fees in dissolution cases. Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA 1983), review denied, 443 So.2d 980 (Fla. 1983). The primary premise set forth in Thornton is applicable to the consideration of an award of fees at both the trial and appellate levels and is rooted in the legislative direction set forth in section 61.16, Florida Statutes (1991):
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of *749 maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings... .
There is no language in section 61.16, however, that authorizes an award of fees on a "prevailing party" theory. Spurious claims in emotionally charged dissolution actions are recognized in Hudgens as an exception to the rule of section 61.16.
We remand for the trial court to consider whether either party is entitled to a full or partial award of attorney's fees under section 61.16 and, if so, the appropriate amount of fees for trial counsel. Additionally, we direct the trial court in this action to apply separately the test under section 61.16, to consider the financial resources of both parties, and to determine whether one party has the ability to pay and the other party has a real financial need for an award of attorney's fees for this appeal and, if so, to award a reasonable amount in full or in part.
AFFIRMED; REMANDED.
W. SHARP and DIAMANTIS, JJ., concur specially, with opinions.
W. SHARP, Judge, concurring specially.
I reluctantly concur that the judgment appealed must be affirmed because I am bound by a line of cases this court has refused to overrule: Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). See Mize v. Mize, 589 So.2d 959 (Fla. 5th DCA 1991); Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991). In my view, these cases[1] put the emphasis on the wrong syl-LA-ble. They exalt short but frequent visitation with the noncustodial parent as the primary (if not sole) measure of what is in "the child's best interest."[2]
I disagree that the trial judge properly applied the test in this case, which was adopted by the Third District Court of Appeal in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla. 1990). The judge's finding that "no substitute visitation" could be "adequate" was without sufficient basis in the record. Although the alternating weekend visitation pattern of visitation would not be possible if the former wife and child moved to Germany, the former wife offered to pay for and send the minor child of the parties to and from Germany, for extended visits with the husband; 1 1/2 months during the summer and 2 weeks either at Christmas or Easter. In such cases, longer, less frequent visitations are deemed to be an adequate substitute. See Tamari v. Turko-Tamari, 599 So.2d 680 (Fla. 3d DCA 1992). I conclude that the real basis for the trial court's ruling was its stated conclusion that the proposed move "does violate the Giachetti duty of the custodial parent." (emphasis supplied)
DIAMANTIS, Judge, concurring specially.
I concur in the majority opinion which affirms the denial of appellant's motion to modify the final judgment of dissolution to allow appellant to return to her native homeland of Germany with the parties' six-year-old son. The trial court did not abuse its discretion in denying appellant's request based upon the six-part test set forth in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989) review denied, 560 So.2d 233 (Fla. 1990) and in determining the best interests of the child which should be the polestar in such matters.
I write to address the apparent misunderstanding or misapprehension concerning whether the plurality opinion in the en banc case of Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991), specifically affirmed the doctrine of Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA), appeal after remand, 535 So.2d 355 (Fla. 5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); and Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). In Mast, the divorcing *750 parents of a minor child had entered into a property settlement agreement providing that neither party would remove the child from Florida "on a permanent basis" without prior order of court. Following her remarriage, the mother petitioned the trial court for leave to move with the child to North Carolina in order to be with her new husband, who was in the military. The trial court denied the mother's petition, from which order the mother did not take an appeal, and granted the father's petition to change residential custody. This court reversed the trial court's order changing custody from the mother to the father because the mother's move to North Carolina with her new husband was not permanent as contemplated by the parties in their property settlement agreement. It should be noted that because the mother in Mast did not appeal the denial of her petition to relocate the child, that issue was not properly before this court. See Mast, 578 So.2d at 305, n. 2.[1]Mast should be cited for its holding and not for an issue it did not decide.
On the issue of attorney's fees, I concur that this case should be remanded to the trial court to determine both the issues of entitlement by either party to a full or partial award of attorney's fees under section 61.16, Florida Statutes (1991) and the reasonable amount of such fees at both the trial and appellate levels. The trial court erred in awarding fees to appellee at the trial level based upon a prevailing party concept as opposed to making a determination solely based upon the financial resources of the parties, as provided in section 61.16.
NOTES
[1] Where the custodial parent wishes to leave the former marital jurisdiction with the child, thereby making impossible weekend visitation with the non-custodial parent.
[2] Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991) (Sharp, W., J., dissenting).
[1] In footnote 2 of Mast, we stated:

2. This denial has caused much discussion among the members of the court as to the current validity of Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988), motion granted, 535 So.2d 355 (Fla. 5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); and Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). However, the denial of the mother's petition was not appealed and thus neither it nor a review of the above cited cases is properly before us.
Mast, 578 So.2d at 305.