539 So.2d 1182 (1989)
Kenneth C. BACHMAN, Appellant,
v.
Cynthia A. BACHMAN, Appellee.
No. 88-0620.
District Court of Appeal of Florida, Fourth District.
March 22, 1989.
Martin L. Haines, III, North Palm Beach, for appellant.
Paul F. King of Edna L. Caruso, P.A., West Palm Beach, for appellee.
PER CURIAM.
The husband's appeal of the final judgment claims that the trial court erred in the economic aspects, in failing to grant husband's motion to recuse, and in permitting the wife to move with the children to New Jersey. We affirm.
The distribution of marital assets was in accord with the husband's wishes, and the alimony and support award does not reflect an abuse of the court's discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The motion to recuse came about as a result of a hearing concerning the husband's desire to take the parties' minor children (then 8 and 5 years old) on a camping trip along with the husband's girlfriend. That hearing occurred several months prior to the final hearing, and the trial judge then believed that he did not have the authority to interfere with the husband's plans. The judge nevertheless expressed his negative opinion of the idea, and added:
Remember, he's going to appear before me eventually when we talk about custody and a whole bunch of other things. I don't think it's real wise for him to do things that are not in the best interest of the children... .
The judge revised his opinion as to his authority, and prohibited the camping trip. After denial of a motion for rehearing, the husband moved for recusal, suggesting the *1183 court's bias and a predisposition to rule adversely to the husband.
Ordinarily, if there is a doubt as to the impartiality of the judge, a motion to recuse should be granted. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). The motion should be timely, however, and to wait for the outcome of a motion for rehearing on the matter precipitating the recusal motion suggests an attempt at two bites of the apple.
Although including this point in plenary appeal is permitted, one cannot help but wonder whether a third bite was contemplated when the husband did not seek a writ of prohibition immediately when the motion to recuse was denied. Our holding here should not be construed as foreclosing a future timely motion to recuse if an appropriate basis appears hereafter.
The final judgment provided for shared parental responsibility with the primary physical residence of the children to be with the wife, and the husband to "have frequent and continuing contact with the children." The judgment specifically permitted the wife to remove the children from Florida, and if the wife were to move to New Jersey, the husband would receive "at least six weeks of continuous visitation each summer and one week during the Christmas holidays." The cost of the children's transportation is to be divided between the parties.
We find no abuse of discretion by the trial court. Although the husband's ready physical access to the children will be curtailed, he will have contact by phone. During the extended vacation time the girls spend with him, there will be a much better opportunity for quality parenting, as distinguished from the more quickie type of visitations largely practiced heretofore by the husband (somewhat of necessity because of his job as a deputy sheriff).
It is apparent that a considerable part of the wife's motivation for the move to New Jersey, was her desire to distance herself from the husband, and to make a fresh start with the emotional support of her family. There was evidence that the wife had better employment opportunity in New Jersey as well as refresher job training there. There was no indication of any desire to defeat or frustrate the husband's contact with the children.
Parenthetically, we note that factors to be considered in permitting a move from the close proximity of the nonresidential parent are detailed in Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985). Matilla endorsed the criteria set forth in D'Onofrio v. D'Onofrio, 144 N.J. Super. 200, 365 A.2d 27 (Ch. Div.), aff'd per curiam, 144 N.J. Super. 352, 365 A.2d 716 (App.Div. 1976), as do we. It should be recognized that New Jersey had an anti-removal statute (N.J.S.A. 9:2-2) which provided that children could not be removed from the jurisdiction without consent of the non-custodial parent "unless the court, upon cause shown, shall otherwise order." D'Onofrio's laundry list, therefore, clarified what was necessary to overcome the statutory prohibition of removal.
Although Florida has no such statutory prohibition, the same factors should apply to the trial court's consideration of that issue either at trial, or post-judgment when the question had not been addressed earlier. Also, the application of those standards apply not only to removal from the jurisdiction, but in any intra-state move to a distance that interferes with ready access by the nonresidential parent. Further, D'Onofrio's factors are not the only ones to be considered by the trial court. We can envision others such as the effect on the children by the new blended family (the nonresidential parent with new spouse and that spouse's existing children or new ones) vis-a-vis their moving away with the residential parent alone to an environment noncompetitive for love and affection. New and creative considerations should be welcomed by trial courts when faced with the vexing dilemma of children's relocation away from the nonresidential parent. We commend the bench and bar to the Winter 1989 issue of Family Advocate for a thorough examination of relocation issues.
*1184 GLICKSTEIN and GARRETT, JJ., and KAHN, MARTIN D., Associate Judge, concur.