WALDEN, Judge,
dissenting.
The marriage between Mr. and Mrs. George was dissolved in 1983, and Mrs. George was awarded custody of the two children, one born in 1979 and the other in 1980. In 1986 Mrs. George petitioned for an increase in child support and Mr. George counter-petitioned seeking shared parental responsibility and a set visitation schedule. In early 1987 the trial court granted the relief requested by each of the parties. Later in 1987 Mrs. George wished to move to North Carolina with the children but the trial court entered the order here on appeal, which order enjoined Mrs. George from taking the children to North Carolina. I would reverse because, in my opinion, the trial court abused its discretion in not allowing the move and thereby, in effect, saying that if Mrs. George moved it would *342 be at the expense of her custody rights. Mr. George’s visitation rights could be adjusted so that even though the visits might be more infrequent they would be longer. I would base the reversal upon the authority of DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989), and Bachman v. Bachman, 539 So.2d 1182 (Fla. 4th DCA 1989). See also D’Onofrio v. D’Onofrio, 144 N.J. Super. 200, 365 A.2d 27, Aff'd, 144 N.J.Super. 352, 365 A.2d 716 (1976).
It is to be noted that Mrs. George wished to move to North Carolina for good reasons such as to be near her parents and brother and sister who could furnish emotional support. Moreover, the trial court commented, “And it’s clear to me that Mrs. George is not doing this, for instance, out of spite or something like that but she’s doing it because she thinks it would be good for herself and good for the children.” From my reading of the colloquy at the end of the hearing it is apparent that the trial court’s prime motivation in entering the order in question was because the move to North Carolina would impair Mr. George’s access to his children.