NESBITT, Judge.
Upon her divorce from appellee Fontaine Sallis Hills, Jr., appellant Regina Wesley Hill was awarded primary custody of the parties’ six-year-old son, Daniel. She now urges error in the trial court’s denial of her petition to relocate in the State of Alabama. We agree.
Regina was born and raised in Alabama. She went to school, worked as a teacher and married in Alabama as well. Son Daniel was bom in that state. All Regina's relatives and friends live in Alabama with the exception of several relatives who live in Georgia several hours away. Ex-husband Sallis’s family lives in Tennessee. In 1984, Regina agreed to leave Alabama when Sallis was offered a medical residency at Jackson Memorial Hospital in Miami. Sallis instituted an action for dissolution of marriage in March 1987. In June 1987, the parties entered into a marital settlement agreement which required Regina to give notice if she intended to leave the area. After several unsuccessful attempts at reconciliation, a final judgment of dissolution was entered in September 1987. In December 1987, Regina gave notice of her intention to return to Alabama. Sallis filed a motion to enforce shared parental responsibility and liberal and frequent visitation and to enjoin Regina from permanently removing Daniel from the four-county South Florida area. Regina’s petition to relocate was denied and this appeal followed.
The test used to resolve such relocation dilemmas has evolved through this court’s decision in Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985) and the Fourth District’s decision in Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983) to include the following six elements:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child. (This sixth requirement we believe is a generalized summary of the previous five.)
See DeCamp v. Hein, 541 So.2d 708, 711 (Fla. 4th DCA 1989), citing D’Onofrio v. D’Onofrio, 144 N.J.Super. 200, 365 A.2d 27, aff'd, 144 N.J.Super. 352, 365 A.2d 716 (1976). Applying these six criteria to the facts of the case at hand, we find the trial court’s decision prohibiting Regina’s move to Alabama was error.
Regina knows the city in which she plans to relocate with Daniel. As stated above, numerous family and friends of both Regi *707 na and Daniel live in Alabama. Regina’s mother has testified that if Regina lives in Alabama, she will be able to spend time with Daniel every day after three o’clock. Regina has a definite job offer in Alabama.
All parties including the husband testified as to Regina’s sincere desire to return to Alabama. She has clearly demonstrated that the move is not an attempt to frustrate or deny visitation to Sallis and has shown she will adhere to any substitute visitation schedule set by the court if she is allowed to move. She has offered to bring Daniel back to Miami to visit with Sallis every month for four or five days and stated that she would comply with a visitation schedule which would allow the father and son to share school holidays and summer vacations.
Regina has fully complied with the order appealed, notwithstanding a showing that she is extremely unhappy in Miami to the point that it has affected her health. Moreover, Daniel’s quality of life would improve upon a move to Alabama as he would be surrounded by a happier mother as well as loving relatives and friends. Additionally, because Regina will be employed and Sallis is a physician, we cannot say costs of transportation between the father and son would prohibit them from travelling to visit one another. Regina’s expert testified to the effect that because of the bitterness and turmoil which appears to have been occasioned by the dissolution action, the move would benefit Daniel by removing him from this atmosphere.
Therefore, we find that the trial court’s order denying Regina the right to return to Alabama and requiring her to reside in the four-county South Florida area was error. See Pintado v. Leggett, 545 So.2d 311 (Fla. 3d DCA 1989), citing DeCamp v. Hein, 541 So.2d at 711; Bachman v. Bachman, 539 So.2d 1182 (Fla. 4th DCA 1989); Matilla, 474 So.2d at 306.
Accordingly, the order denying Regina the right to relocate Daniel to Alabama is reversed. The petition to relocate is granted, and the cause is remanded to the trial court to establish visitation either in accordance with Regina’s proposed visitation schedule or some other appropriate plan.
LEVY, J., concurs.