564 So.2d 1186 (1990)
Mary Susan LENDERS, Formerly Mary Susan Durham, Appellant,
v.
Kirby P. DURHAM, Appellee.
No. 89-02675.
District Court of Appeal of Florida, Second District.
July 20, 1990.
*1187 Phillip J. Jones of Wilkins, Frohlich, Jones, Hevia & Russell, P.A., Port Charlotte, for appellant.
C. Michael Fischer, Englewood, for appellee.
RYDER, Judge.
Mary Susan Lenders, also known as Mary Susan Durham (mother), appeals the final judgment of November 11, 1989, which modified the final judgment of dissolution by awarding custody of the two minor children to Kirby P. Durham (father), and by ordering the mother to pay $27.50 per week for the support of the two minor children. We reverse because the father did not meet his burden of establishing that there has been a substantial and material change in circumstances since the dissolution of the marriage.
The parties were married in 1971 and divorced in 1979 in Illinois. At the time of their divorce, they had two children; one was four years old and the other was one and one-half years old. The Illinois final judgment awarded the care, custody and control of the children to the mother. The parties had agreed on custody and stipulated this to the Illinois court. The judgment neither limited nor restricted the geographical location of the mother and children.
In 1980, the mother and her two sons moved to Florida, followed by the father and his subsequent wife. The parties enjoyed an amicable relationship until the father learned that the mother and her present husband were planning a move to Tennessee. On April 28, 1988, the father filed a petition in Charlotte County to establish the Illinois final judgment as a Florida decree and to modify it to award him custody of the children based upon a substantial change of circumstances. The petition alleged that the children were not being properly cared for; that the mother needs were not being properly addressed by the mother; that the mother was planning a move to Tennessee with the two minor children; and that the children did not want to leave Florida.
The trial court entered an emergency ex parte order which enjoined the mother from removing the children from the court's jurisdiction. The court denied the mother emergency relief from the order and sua sponte changed the custody of the minor children to the father.
During the modification hearing, the trial judge heard from both parents, the father's wife, the mother's husband and friends of the parties. The evidence presented regarding the quality of care the mother was giving the children, and the mother's housekeeping skills did not support a finding that any substantial change of circumstances had occurred since the final dissolution of marriage. While we recognize the broad discretion given the trial court in making these decisions, we hold that the trial court abused its discretion in transferring residential custody to the father. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Wells v. Wells, 501 So.2d 700 (Fla. 2d DCA 1987).
The fact that the husband never complained about the allegedly poor care of the children and the inadequate housekeeping skills of the mother, until learning that the mother was planning a move to another state, tends to support the belief that the motive behind the petition to modify the final judgment is the father's objection to the move. In fact, the record reveals that the parties had a very good relationship, one that the father described as being like a brother and sister. It is interesting to note that even the court found that both parents had a stable and healthy relationship with their present spouses, and an affectionate regard and concern for the welfare of the children.
*1188 This court has held that a custodial parent's planned move to another state, in and of itself, does not constitute a substantial change in circumstances warranting a change of custody of the minor children. Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988). When a noncustodial parent objects to the relocation of the minor children, the trial court should resolve the question by applying the test enunciated in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989). Hill sets forth the following six elements that the court should consider:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child.
Hill, 548 So.2d at 706. See also Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985); Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983).
Here, the evidence reveals that the move would improve the general quality of life for the mother and the children. One of the main purposes for the move to Tennessee, was that the mother's husband, who is a registered nurse who had been laid off from his job in Florida, had found stable employment in Blountville, Tennessee. The court found that the couple had achieved a stable financial status. The evidence elicited at the hearing also supports the fact that the purpose of the move was not to defeat the visitation rights of the father.
Furthermore, the record reveals that the living accommodations in Tennessee are better than those that the mother and children had in Florida. Contrary to the father's allegations, there is no evidence in the record that the children are opposed to the move or that they prefer to live with their father. In fact, the record reveals that the children greatly missed their mother, as evidenced by the frequent long distance phone calls they made to her in Tennessee.
The mother has clearly demonstrated that she will freely comply with any court-ordered visitation, and has offered to transport the children to Florida on a frequent basis. This is supported by her compliance with the court order instructing her not to remove the children from the jurisdiction of the court, even though she had already moved to Tennessee to be with her husband. A substitute visitation schedule will be adequate, in that the parties have frequently changed the visitation schedule to correspond with the father's work schedule. We need not discuss the last element of the test, in that the best interests of the children are addressed by a determination of the first five.
We hold that in applying these six elements to the facts of the case at hand, the mother should have been allowed to relocate to Tennessee with the minor children. Therefore, we reverse and remand the cause to the trial court for entry of an order restoring custody to the mother, with a provision for adequate and liberal visitation rights accorded to the father.
Lastly, both parties have agreed that the trial court erred in ordering the mother to pay child support, we reverse and set aside the order awarding child support to the father.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and PARKER, J., concur.