COWART, Judge.
The marriage of the parties was dissolved and the parties for four years participated in “shared parental responsibility” with the father having primary residential responsibility. The parties live sufficiently close to the original marital domicile and each other that the mother could, and has, exercised her right to frequent and close visitation with the child. The father received an offer of employment in a distant location that would greatly enhance his career and his immediate salary and petitioned the trial court to permit him to relocate the child to the distant location. The relocation of the child would greatly impair meaningful sharing of parental responsibilities by the non-custodial parent and frustrate frequent visitation between the noncustodial parent and the child. The father presented expert testimony to the effect that after dissolution a child establishes á “new family unit” and, in effect, that what is in the best interest of the “new family unit” is also in the best interest of the child.[1] The father also proposed a substitute visitation program.[2] The trial judge found that under the facts and circumstances the desire and benefits to the father and his new family and the child were outweighed by the benefit to the child of maintaining frequent and close continuous contact with the mother and the mother’s right to continued frequent visitation and effective shared parental responsibility. *140 The father appeals and cites the dissent in Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991).
We agree with the trial judge and affirm on the authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Conroy v. Conroy, 585 So.2d 957 (Fla. 5th DCA 1991), rev. denied, 595 So.2d 556 (Fla.1992); Baldwin v. Baldwin, 576 So.2d 400 (Fla. 5th DCA 1991); Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988), Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984); Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982); and the majority opinion in Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991) (en banc).
AFFIRMED.
GOSHORN, C.J., and DIAMANTIS, J., concur.

. This argument is a twist of the famous statement that "anything that is good for General Motors is good for the United States”. The innuendo of the argument is actually that by becoming part of the "new family unit", consisting of the custodial parent and new spouse, etc., the child’s need for contact with its natural noncustodial parent is lessened. This argument ignores the fact that the non-custodial spouse has the right to enjoy frequent contact and association with the child and the right to share some parental obligations and that effective sharing of parental responsibilities requires an opportunity to observe the child and to exercise independent judgment about its condition and needs rather than depend on the custodial parent to recognize the child’s needs and to initiate communication about them.

. In response to this argument in cases, where both parents are equally fit, some trial judges have been known to apply the old “turn about is fair play” country maxim, and ask the custodial parent: “If custody were changed, would you be content and happy with the proposed substitute visitation plan as your visitation rights?’’