PER CURIAM.
We have for review Dobson v. Samson, 598 So.2d 139 (Fla. 5th DCA 1992), based on conflict with Mize v. Mize, 621 So.2d 417 (Fla.1993). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Dobson.
The marriage of Richard Dobson and Julia Samson was dissolved in 1987. Richard was given primary physical residence of the couple’s minor child, Alexandra, age two, and Julia was given shared parental responsibility and liberal visitation (every Wednesday, every other weekend, four weeks during the summer, and alternate holidays and holiday pei'iods), which she exercised. Richard, who worked as a computer systems analyst in the Orlando area, sought in 1991 to relocate to Iowa, after he was offered a position there as a nuclear engineer, which would involve an *474 immediate $8,000 salary increase, raising his yearly pay from $42,000 to $50,000. Julia petitioned to block removal of the child.[1]
The trial court granted Julia’s petition to amend the original decree to restrict Richard from removing the child from the central Florida area, and the district court affirmed, citing its own precedent disfavoring removal. We granted review, pending resolution of a similar claim in Mize, which we have since decided. We quash Dobson and remand for reconsideration in light of Mize.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Both Richard and Julia have married new partners and have stepchildren.