GERSTEN, Judge.
Appellant, Evangelina Baez (wife), appeals a post-dissolution order denying her permission to relocate. We reverse.
Wife, and Israel Baez (husband), divorced in 1992. The final judgment incorporated a property settlement agreement containing the following provision:
The parties agree that neither party shall remove the permanent residence of the minor child from Dade County, Florida without the express written consent of the other party, or prior court order with notice. In the event the Wife is unable to secure permanent residency in the United States, the child may be permitted to reside with the Wife in her native country of El Salvador.
In 1993, the wife, unable to secure permanent United States residency, petitioned the trial court for permission to relocate, with the minor child, to El Salvador. The husband sought to prohibit the wife’s leaving the country with the child. The trial court conducted a hearing and denied the wife’s request to relocate finding that the wife, “... has not presented a compelling basis for relocating the parties’ child....”
Without detailing the facts of the hearing, we determine that the wife proved the factors pronounced in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla.1990), and later repeated and rearti-culated in Mize v. Mize, 621 So.2d 417 (Fla.1993). Those factors are:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
*1261 5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child. (This sixth requirement we believe is a generalized summary of the previous five.)
Mize, 621 So.2d at 420 (quoting Hill, 548 So.2d at 706).
Therefore, because the wife proved the factors under Hill and Mize, and because the trial court erroneously applied an incorrect standard, we reverse and remand for the trial court’s granting of the wife’s petition.
Reversed and remanded with directions.