638 So.2d 1057 (1994)
Elizabeth A. TREMBLAY, Appellant,
v.
Randall M. TREMBLAY, Appellee.
No. 93-1604.
District Court of Appeal of Florida, Fourth District.
June 29, 1994.
*1058 Bruce C. Baillie, Stuart, for appellant.
Charles A. Sullivan, Jr. of Sullivan, Stone, Sullivan and Thacker, Vero Beach, for appellee.
KLEIN, Judge.
Elizabeth Tremblay appeals a final judgment of dissolution of marriage. We affirm all issues except that portion of the judgment restricting the parties' son's residence to within 50 miles of Indian River County.
Elizabeth and Randall were married in California in 1981, and moved to Massachusetts a few years later. Christopher was born in 1986 and, in 1987, Randall left them and moved to Florida. Elizabeth moved to Florida thereafter in an attempt to save the marriage; however, Randall ultimately filed for this dissolution in 1992.
Elizabeth, who is 33 years old, has two years of college and works 30 hours a week as a medical assistant at $7.00 an hour. Randall works as a carpenter in a business owned by Randall and his father with a salary of $425.00 a week as well as other benefits.
Elizabeth is from Massachusetts, and that is where her family remains. She only moved to Florida from Massachusetts in order to reunite the family, and she now wants to return to Massachusetts with Christopher where she can live with her mother, study nursing, and improve her ability to earn a living. The trial court restricted Christopher's residence to within 50 miles of Indian River County. Because his primary physical residence is with Elizabeth, she cannot relocate. Elizabeth urges that this restriction should be reversed.
After the entry of this final judgment our supreme court clarified and changed the law regarding a custodial parent moving out of the jurisdiction in Mize v. Mize, 621 So.2d 417 (Fla. 1993). In attempting to give trial judges some guidance in this area, the court set forth the following factors as some of the things which must be considered in resolving this issue:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child. (This sixth requirement we believe is a generalized summary of the previous five).
621 So.2d at 420. These factors have been attributed to D'Onofrio v. D'Onofrio, 144 N.J. Super. 200, 365 A.2d 27 (1976), aff'd, 144 N.J. Super. 352, 365 A.2d 716 (1976). See Costa v. Costa, 429 So.2d 1249, 1253-54 (Fla. 4th DCA 1983), (Anstead, J., dissenting); Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985); Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla. 1990); Bachman v. Bachman, 539 So.2d 1182 (Fla. 4th DCA 1989); and DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989).
*1059 In addition, our supreme court adopted the principle that Judge Schwartz articulated in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla. 1990):
[S]o long as the parent who has been granted the primary custody of the child desires to move for a well-intentioned reason and founded belief that the relocation is best for that parent's  and, it follows, the child's  well-being, rather than from a vindictive desire to interfere with the visitation rights of the other parent, the change in residence should ordinarily be approved.
548 So.2d at 707-08 (Schwartz, J., specially concurring) (footnotes omitted). Mize, 621 So.2d at 419.
The only finding the court made in the final judgment in this case regarding the restriction on residence was as follows:
The wife has testified that she wishes to move from Indian River County, Florida to further her education. The wife and child moved to Indian River County in January, 1988 and have lived here continuously since then. The majority of the child's life has been spent in Indian River County. The husband resides here and the husband's parents, brother and sister also live here. The husband is also employed in Indian River County. The wife has a mother and a sister who live in Massachusetts. It would be in the best interest of Christopher Tremblay, particularly at his age of six, that he have frequent and continuous contact with his father, and that if he was permitted to move to Massachusetts, which is 1,500 miles away, it would be impossible to continue the frequent contact. It would be in the best interest of the child to restrict the child's residence to Indian River County or a radius within fifty miles of Indian River County.
The adoption in Mize of the six factors to be considered in these cases did not significantly change the law in this district, since this court had previously utilized them. Bachman and DeCamp. The adoption in Mize of what Judge Schwartz stated in his concurring opinion in Hill, however, does represent a significant change. It means that where the relocating parent is acting in good faith, permission to relocate should generally be granted; i.e., granting relocation becomes the proverbial rule, rather than the exception. See Dobson v. Samson, 623 So.2d 473 (Fla. 1993).
We therefore reverse and remand the issue of whether Christopher can move to Massachusetts for reconsideration under Mize. We affirm the judgment in all other respects.
ANSTEAD and STEVENSON, JJ., concur.