COBB, Judge,
concurring specially.
The controlling law in regard to the issue posed by this appeal is set forth in the last paragraph of the opinion in Russenberger v. Russenberger, 669 So.2d 1044, 1047 (Fla.1996):
In conclusion, we hold that upon a demonstration of good faith as described in Mize of a custodial parent seeking to relocate, that parent is entitled to a presumption in favor of his request to relocate with the minor children. However, that presumption is rebuttable, and in considering such a request and any opposition to it, the trial court should weigh the Hill [v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989)] factors on a case-by-case basis.
For some reason, which is not clear to me, the trial judge found that Mize v. Mize, 621 So.2d 417 (Fla.1993) would not be applicable to the facts of this case. The trial court, however, did make a finding, after hearing extensive testimony during a two-day trial, that the best interest of the children would not be served by relocation to Illinois. The trial court did not order a change of custody, thereby leaving the primary custodian, the mother, with the option of retaining primary custody of the children in Florida or moving without them to Illinois.
Given the erroneous standard applied by the trial court, its failure to specifically consider each of the six factors enumerated in Mize, and its erroneous exclusion of the court reporter and the parties from certain of the trial proceedings, I concur in reversal of the trial court’s order.[1] On remand the trial court should hold a new hearing with appropriate consideration of Russenberger and Mize.

. The problem with Judge Thompson's view that another hearing should not be held is that it would result in the preemption of the function of the trial court of evaluating the candor and credibility of the trial witnesses.