ANTOON, Judge.
Anna Catron (the mother) appeals the trial court’s order denying her petition for modification of the parties’ final dissolution judgment. In her petition, the mother sought court approval to relocate with the parties’ minor son from Orlando, Florida to Pittsburgh, Pennsylvania. We conclude that the trial court did not abuse its discretion in denying the petition. Accordingly, we affirm.
The parties’ final dissolution judgment was entered in 1989 when the child was two years’ old. The judgment incorporated the terms of the parties’ detailed separation agreement which set forth the rights and obligations of each party with regard to child custody and visitation. The agreement also included a provision that the child’s primary residence would be with his mother and that his secondary place of residence would be with Russell Catron (the father). Each parent agreed to remain actively involved in the child’s life and that the father would be entitled to generous visitation.
Additionally, the agreement specifically addressed the possibility that one of the parents might move from Florida during the child’s minority:
Either parent may move his or her residence anywhere that parent desires. Neither parent shall remove the child from the State of Florida for a period in excess of thirty (30) days without the prior consent of the other parent, or approval of the Court after prior notification to the other party of such a Court hearing. In the event that either parent moves their residence to a different location that will change the amount of travel time between the mother’s residence and the father’s residence by more than ten percent, then such a move shall constitute a material change in circumstances which can be brought before the Court for review for any modifications of the arrangements *1023 which might follow such a change by either party.
The trial court approved the parties’ agreement and incorporated it into the final dissolution judgment. After the agreement was approved, the parties continued to live in the Orlando area and to abide by its terms. However, when the parties’ son was nine years’ old the mother petitioned the court to modify the final dissolution judgment to allow her to relocate with the child to Pittsburgh, Pennsylvania. The wife alleged in her petition that she needed to relocate to Pittsburgh in order to be with her mother, who was ill with cancer. The father counter-petitioned, alleging that the relocation of the child would constitute a substantial change in circumstances and that, instead of authorizing the mother to relocate to Pennsylvania with the child, the court should designate the father as the primary residential parent. The father alleged that it would be in the child’s best interest to remain in Florida so that the father could continue his relationship with his son and to avoid interruption of his son’s schooling and extracurricular activities.
The trial court initially allowed the mother to temporarily relocate with the child to Pittsburgh pending final hearing. Before the final hearing was conducted, the maternal grandmother died but the mother did not withdraw her request to allow her to move her child to Pittsburgh. The trial court conducted a hearing on the motion and received evidence from both parents as well as other witnesses. The most relevant evidence focused on the circumstances that existed at the time of the hearing. In support of her petition, the mother testified that her employer, Home Depot, had allowed her to transfer to Pittsburgh. However, when asked about how the transfer impacted her net income, she admitted that she would earn less money working in Pittsburgh. The mother further explained that she had family members in Pittsburgh and that her son would benefit from establishing a relationship with them. She also opined that the schools in Pittsburgh were better than the school her son would attend in Florida.
The testimony presented by the father and his witnesses centered on the extensive contact the child had with the father and the paternal grandparents.- The mother, father, and paternal grandparents all lived in the same neighborhood. According to the testimony presented by the father, the child was very attached to his community and family, and he spent a great deal of time with the father and the paternal grandparents who participated in outdoor activities and assisted the child with his school work. The father testified that he changed his work schedule in order to spend more time with his son and that he spent almost every afternoon with his son. The son had his own bedroom at the father’s house where he kept many of his belongings and the child stayed with the father in addition to the scheduled weekend visitation two or three nights a week.
The evidence was not limited to the immediate circumstances pertaining to the mother’s proposed move to Pittsburgh. Instead, each party submitted evidence pertaining to how each had performed as a parent since the dissolution of their marriage.
After receiving this evidence, the trial court entered an order denying the mother’s petition for modification. The trial court also denied the father’s petition to modify custody conditioned upon the mother’s return to Florida. In doing so, the trial'court applied the factors set forth in Mize v. Mize, 621 So.2d 417, 420 (Fla.1993), providing written findings with regard to each applicable consideration.
On appeal, the mother contends that the trial court abused its discretion in denying her modification petition, arguing that the record does not contain substantial competent evidence to support the ruling. We disagree.
In Mize, our supreme court provided trial courts with guidance regarding resolution of cases involving the relocation of children. Id. The Mize court adopted the general rule crafted by Judge Schwartz in his special concurring opinion in Hill v. Hill, 548 So.2d 705, 707 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla.1990), “ ‘that where the relocating parent is acting in good faith, permission to relocate should generally be granted; i.e., granting relocation becomes the prover *1024 bial rule, rather than the exception.’ ” Russenberger v. Russenberger, 669 So.2d 1044, 1047 (Fla.l996)(quoting Tremblay v. Tremblay, 638 So.2d 1057, 1059 (Fla. 4th DCA 1994)). However, recognizing that the best interests of the children remains the court’s primary focus, the supreme court also vested trial courts with discretion to depart from the general rule. Mize, 621 So.2d at 420-21. In that regard, the trial court must consider factors bearing on the best interests of the children, including:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child.

Id.

Here, the trial court carefully followed the requirements of Mize and Russenberger. After receiving evidence regarding the purpose of the mother’s intended move and what effect it would have on the child, the trial court appropriately applied the evidence to each of the Mize factors. In doing so, the trial court determined that the mother’s petition was filed in good faith and motivated by her wish to be near her mother during her battle with cancer. However, by the time the hearing was conducted that reason no longer existed. The trial court further determined that the petition was not filed for the express purpose of defeating the father’s visitation rights and that the mother would likely comply with new visitation provisions imposed by the court.
With regard to the other Mize factors, the trial court found that the mother’s net income in Pittsburgh would be less than she earned in Florida. The trial court also determined that the substitute visitation after, the proposed move would be inadequate to foster a meaningful relationship between the father and the child, and that the cost of exercising the substitute visitation would be financially difficult for both parties. Most importantly, the trial court found that the proposed move was not in the child’s best interest. The trial court cogently explained its reasons for denying the mother’s petition and there is record support for all of the court’s findings. Since the trial court applied the correct analysis under Mize and no abuse of discretion has been shown, we must affirm. See Jones v. Jones, 633 So.2d 1096, 1099 (Fla. 5th DCA), rev. denied, 639 So.2d 978 (Fla.1994).
AFFIRMED.
DAUKSCH, J., concurs.
HARRIS, J., concurs in part; dissents in part, with opinion.